491 A.2d 276

**COMMONWEALTH of Pennsylvania**

v.

**John FIORE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1984.

Filed April 12, 1985.

306

C. Grainger Bowman, Harrisburg, for appellant.

Paul M. Yatron, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order vacating judgment of sentence and directing the State of Delaware to remand appellant, John Fiore, to the Commonwealth of Pennsylvania to serve sentence. We reverse.

After pleading guilty to 24 counts of non-compliance with various tax statutes (*see* 72 P.S. §§ 2614.21(a), 7268(b)), appellant was sentenced to 11½ to 23 months imprisonment

and 8 years probation, which was to be served at the completion of the term of imprisonment. Also, appellant was ordered to pay the cost of prosecution and $100 to the Commonwealth.

A timely motion to modify sentence was filed seeking the Dauphin County court's approval to have appellant serve his Pennsylvania sentence (ordered to commence on December 26, 1983) in the State of Delaware upon his sentence in that State for similar tax violations. Thereafter, under the mantle of 42 Pa.C.S.A. § 9761(b), appellant filed a motion substantiating his request that service of his Delaware sentence (a period of incarceration up to 23 months to commence also on December 26, 1983) either satisfy or be credited against his Pennsylvania sentence.

By order dated December 14, 1983, the Dauphin County court directed that appellant "be given full credit for time served by him under the sentence imposed by the Superior Court of Delaware (New Castle County) in the action known as *State of Delaware v. John Fiore and Zurich Corp.*, Cr. A. Nos. N–82–10–1732 through N–82–10–1787."

On February 9, 1984, a rule to show cause was issued upon appellant by the Commonwealth, and contained therein were the following relevant averments:

3. Defendant commenced his prison sentence in the State of Delaware on December 26, 1983, which was the same day set for commencement of his sentence in Pennsylvania.

4. On or about January 4, 1984, defendant was released by correctional authorities to the State of Delaware and permitted by them to serve his sentence in what is known in Delaware as "supervised custody".

5. "Supervised custody", as that program is known in the State of Delaware, is in all respects identical to a sentence of probation in the Commonwealth of Pennsylvania or the release on parole in the Commonwealth of Pennsylvania.

6. Neither the Office of Attorney General of the Commonwealth of Pennsylvania, Dauphin County Adult Pro-

bation Office nor Your Honorable Court were consulted or notified by authorities in the State of Delaware prior to defendant's release on supervised custody.

7. On or about January 30, 1984, the Commonwealth first learned of defendant's release from prison in the State of Delaware.

8. The law of the Commonwealth of Pennsylvania and the Order of this Honorable Court dated December 14, 1983, requires that defendant be returned to the Commonwealth of Pennsylvania to serve the remainder of his term of imprisonment as imposed by this Court, with credit for ten days served in prison in the State of Delaware.

9. The defendant's release on probation or parole in the State of Delaware is entirely contrary to the understanding of the parties when the plea was entered ... and when sentence was imposed pursuant to that plea.

10. The defendant is entitled to no credit towards his Pennsylvania sentence for time in which he was not actually incarcerated in the State of Delaware.

WHEREFORE, the Commonwealth pray[ed the] Honorable Court enter an Order declaring defendant released from custody in the State of Delaware and remanding him to the Commonwealth of Pennsylvania to serve the remaining portion of the sentence imposed by [the] Honorable Court....

> Respectfully submitted,
> LeROY S. ZIMMERMAN
> ATTORNEY GENERAL

A rule to show cause hearing was held February 21. At that proceeding, counsel for appellant noted at the outset that his client was at work in Wilmington, Delaware under an authorized program conducted by the Delaware Department of Corrections. Further, counsel pointed out that appellant was classified "as an inmate in the inmate population under the Delaware Department of Corrections," and, therefore, to be present at the show cause hearing would

have placed him in violation of the Delaware Department of Corrections' restrictions as to his movements.

We observe that in appellant's answer to the rule to show cause, paragraph 8, he denied being "released" from the custody of the Delaware authorities. Rather, he stated he "remain[ed] within the inmate population of the Delaware Department of Corrections". Also, in paragraph 4, appellant admitted "that, as of January 20, 1984, [his] inmate classification by the Delaware Department of Corrections permit[ted] certain supervised custody conditions to attach to [his] service of sentence."

It was the court's opinion that the sentence issued in Delaware, aside from being contrary to its normal concepts of punishment, was "just not the type of confinement which was contemplated in connection with the offense in the State of Pennsylvania." Counsel for the Commonwealth agreed and added that he had opposed, consistently, a work release program for appellant.

After hearing argument on the jurisdiction to decide the rule to show cause, the court entered an order making the rule absolute and directing Delaware to remand appellant to Pennsylvania to serve the remaining portion of the sentence initially imposed. Further, the court vacated the December 14, 1983 order giving appellant credit for time served in Delaware. This appeal followed.

We find that the dispositive issue at bar concerns the authority of the court below to vacate (or to act in any capacity in regard to) the initial sentence entered. Absent any such authority, the action of the court below is a nullity.

We commence our discussion with the observation that the courts of this Commonwealth, at common law, had the power to vacate a judgment of sentence and to impose a new sentence, even if more severe, so long as such action took place within the same term of court as did the original sentence. *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978). Presently, this power is codified in section 5505, 42 Pa.C.S.A., which reads:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

The Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978.

■ The caveat contained in section 5505, in respect to the power of a court to "modify or rescind" any order, was articulated over eight decades ago by the United States Supreme Court in *Gagnon v. United States*, 193 U.S. 451, 456, 24 S.Ct. 510, 511, 48 L.Ed. 745 (1904); namely:

The power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice.

*Accord Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970). We add to this list of exceptions, allowing a modification (decrease or increase) in the punishment initially imposed, the provision sanctioning such a change where the "punishment was procured by appellant by such fraud as would make a complete nullity of the[for example, prior sentencing] proceedings." *Commonwealth v. Coleman*, 271 Pa.Super. 581, 585–586, 414 A.2d 635, 637–38 (1979). We find the reason to be self-evident.

It certainly would not serve the ends of justice, not to mention the affront to the court itself, to allow an accused to secure a more lenient sentence than would have been issued had it not been for the use of misinformation intended to keep from the sentencing agent information impacting on the type and length of punishment to be meted out.

Herein, on December 14, 1983, the day appellant was sentenced, the court below indicated that appellant was to be given credit for the time served by him "under the sentence imposed by the Superior Court of Delaware". While it may be true, as the court below recites in its

opinion to us, that "the status of this defendant in the State of Delaware was contrary to the understanding of the parties when the plea was entered ... and was indeed contrary to the understanding of this Court when the sentence was imposed pursuant to the plea", "the sentence, as recorded, indicates the imposition of no other conditions, or that it was 'tentative' in any sense, except for the condition before noted, and we are bound by the record." *Commonwealth v. Silverman,* 442 Pa. 211, 218, 275 A.2d 308, 312 (1971), *cert. denied,* 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972).

▮ To the extent that the court below and the Commonwealth argue that the work release program/probation was not the type of (or equivalent to the) *sentence* contemplated by the parties, we wish to respond that in Pennsylvania the Sentencing Code makes it clear that a term of *"probation"* *is a sentence.* The Act of December 30, 1974, P.L. 1052, No. 345, § 1, as amended, 42 Pa.C.S.A. § 9721(a)(1). *Accord Commonwealth v. Johnson,* 250 Pa.Super. 431, 434 n. 3, 378 A.2d 1013, 1018 n. 3 (1977) (Dealing with The Act of December 6, 1972, P.L. 1482, No. 334, § 1301, which now appears in modified form at 42 Pa.C.S.A. § 9721).

▮ Albeit the Delaware work release program, under which appellant became eligible to work at his original place of employment during the day with a return to his approved residence thereafter,[1] may not comport with the lower court's "normal concepts of punishment", nonetheless, the

---

**1.** In the record appears a letter dated February 6, 1984 from counsel for appellant to the court below outlining the work release program. It reads in relevant part:

On January 5, 1984 Mr. Fiore was transferred to Plummer Center from Gander Hill Correctional Facility, a classification facility and prison also operated by the Delaware Department of Corrections. His classification for service of sentence at Plummer Center was made in the ordinary course. As of January 20, his classification permits certain work release/supervised custody conditions to attach to his service of sentence. Mr. Fiore has *not* been paroled and remains a member of the inmate population of the Plummer Center.

At Plummer Center, Mr. Fiore has been placed on work release/supervised custody status with the complete knowledge and approval of the Delaware Department of Justice (See letter of Christopher J. Curtin,

program of probation does constitute punishment since it is unquestionably a restriction on appellant's freedom and a deprivation of his liberty within the meaning of the Fourteenth Amendment. *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967).

■ Accordingly, since the court below placed no other conditions on appellant's Pennsylvania sentence other than

Deputy Attorney General, dated December 28, 1983, copy enclosed). The purpose of work release/supervised custody is to allow Mr. Fiore's business operations to be undertaken while Mr. Fiore remains in custody. The substantial restitution to which Mr. Fiore committed himself in Delaware and in Pennsylvania would not otherwise be viable. The State of Delaware has acknowledged this reality after an extensive investigation into Mr. Fiore's background, work habits, circumstances, and finances.

The conditions of Mr. Fiore's work release/supervised custody at Plummer House are as follows:

1. Mr. Fiore must report, in person, for an in-depth interview two to three times every week, regarding his living conditions, working conditions, etc., which interview is held at Plummer Center.

2. Mr. Fiore is required to live in Delaware and cannot leave the State.

3. Mr. Fiore must be in one hour's telephone reach of the Delaware Department of Corrections at *all* times.

4. Mr. Fiore must be in residence from 11:00 p.m. to 7:00 a.m. every evening.

5. Mr. Fiore has a Host (in this case his wife, Barbara). It is required that the Host be a blood relative living in the State of Delaware. This has forced Barbara Fiore to move from New York City (the site of her job) to Wilmington, and she must now commute to New York City to her job.

6. Mr. Fiore's residence must be approved by the Delaware Department of Corrections, and his approved residence is an apartment at his place of employment which has been built by Fiore's employer specifically for Mr. Fiore and his family.

7. Mr. Fiore is not permitted to drink any kind of alcoholic beverages, either in public or at home. He cannot enter any establishment that serves liquor.

8. Until last week, Mr. Fiore was not permitted to drive a motor vehicle. As of this date, he is permitted to drive, but only to work or for work related purposes.

9. Mr. Fiore is subject 24 hours a day to be called in for chemical and urine tests, and accordingly, he is not permitted to take any medication of any kind without prior authorization.

10. Mr. Fiore must maintain a job to stay in the work release/supervised custody program, and Mr. Fiore's employer is interviewed by phone every week regarding his job progress.

11. Mr. Fiore must pay weekly toward his fines and restitution depending upon his salary.

it be served concurrently with the Delaware sentence, and since there is no proof that the sentence was procured by the perpetration of a fraud upon the court, the fact that the vacation of sentence was made neither within the term of the original sentence nor within 30 days thereafter, the vacation of sentence clearly was invalid. *Compare Commonwealth v. Coleman, supra; Commonwealth v. Gallagher*, 200 Pa.Super. 136, 186 A.2d 842 (1962).

Of necessity, the aforesaid renders ineffectual the court's further order directing the return of appellant by Delaware penal authorities prior to his completion of his sentence in that jurisdiction. *Cf. Commonwealth v. Liscinsky*, 195 Pa.Super. 183, 186, 171 A.2d 560, 561 (1961) ("... in the interest of orderly administration of justice, [the second sovereign should] ... postpone exercise of its jurisdiction by not taking the defendant into custody until the first sovereign has exhausted its remedy against him.").

The order is reversed, and the December 14, 1983 order directing that appellant be given full credit for the time served by him under the sentence imposed by the Superior Court of Delaware is reinstated. Jurisdiction is relinquished.