539 A.2d 1333

COMMONWEALTH of Pennsylvania

v.

Gregory SHEPPARD, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 1, 1988.

Filed April 4, 1988.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before DEL SOLE, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the order below granting the Commonwealth's petition to vacate a prior order that had granted appellant's motion to discharge the prosecution. Appellant contends that the trial court lacked jurisdiction to vacate the discharge order because the court did not act within the thirty day period required by 42 Pa.C.S.A. § 5505. For the reasons that follow, we agree, and, accordingly, reverse the order below and order appellant discharged.

Appellant was arrested and held for trial on charges arising from the theft of an automobile. Appellant's case was listed for a non-jury trial. On March 23, 1987, the matter was called to trial and appellant moved for discharge. The trial court granted the motion and entered an order discharging appellant. The Commonwealth did not file an appeal from this order. Thirty-one days later, however, the Commonwealth filed a petition to vacate the March 23, 1987 discharge order. On May 13, 1987, following a hearing, the trial court granted the Commonwealth's petition, and entered an order vacating the discharge order, and listing the case for trial. This appeal followed.

■ Appellant contends that the trial court lacked jurisdiction to enter the May 13, 1987 order because it did not act within thirty days of its original order discharging appellant, as is required by 42 Pa.C.S.A. § 5505. We agree. Under the relevant portion of § 5505, a court retains power

to "modify or rescind any order within thirty days after its entry". *Id.*[1] "Thereafter, the [order] cannot normally be modified, rescinded or vacated." *Simpson v. Allstate Ins. Co.*, 350 Pa.Superior Ct. 239, 244, 504 A.2d 335, 337 (1986) (citation omitted) (en banc). *See also Commonwealth v. Cook*, 359 Pa.Superior Ct. 216, 221, 518 A.2d 858, 860–61 (1986) (trial court does not possess authority to reconsider prior order beyond thirty-day period specified in 42 Pa.C. S.A. § 5505). In *Simpson, supra,* our Court, sitting en banc, emphasized the "very definite function" that this doctrine of finality serves: "[it] establish[es] a point at which litigants, counsel and courts ordinarily may regard contested lawsuits as being at an end." *Simpson v. Allstate Ins. Co., supra* (citations omitted). Moreover, with specific regard to the thirty day rule mandated by § 5505, the *Simpson* court noted that,

> Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, *the discretionary power of the court over such judgments is very limited.* Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, *unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention of the court."*

*Id.*, 350 Pa.Superior Ct. at 245, 504 A.2d at 337 (emphasis supplied) (quoting *Klugman v. Gimbel Brothers, Inc.*, 198 Pa.Superior Ct. 268, 272, 182 A.2d 223, 225 (1962)). *See also Commonwealth v. Fiore*, 341 Pa.Superior Ct. 305, 313, 491 A.2d 276, 280–81 (1985) (court erred in vacating judgment of sentence more than thirty days after its entry

---

1. Section 5505 provides in its entirety that:
    Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
    *Id.*

where there was no proof that sentence was procured by perpetration of fraud upon court).

Here, it is undisputed that the Commonwealth did not petition the court to reconsider its discharge order within the mandated thirty day period.[2] Accordingly, we may affirm the court's May 13, 1987 order vacating the discharge order only if there is proof in the record that the discharge order was procured by the perpetration of a fraud upon the court. *See Commonwealth v. Fiore, supra.*

█ Our review of the record discloses no evidence that appellant procured the discharge order by fraudulent means. The basis for appellant's motion to discharge was that the Commonwealth had failed to supply pre-trial discovery. At the hearing held on the Commonwealth's petition to vacate, the Commonwealth maintained that appellant had never made a *formal* discovery request. N.T. May 13, 1987 at 1. At the time the discharge order was issued, the court apparently assumed that appellant had made a formal discovery request, and relied upon the presence of such a formal request in determining that discharge was appropriate.[3] Significantly, however, neither the trial court nor the Commonwealth suggest that appellant, at any time, represented that he had made a formal discovery request.[4]

**2.** Indeed, the trial court stated that appellant's § 5505 argument was "technically correct." Trial Court Opinion at 2–3.

**3.** Thus, the trial court noted that "the misinformation pertained to the absence of any formal discovery request by the defendant and this Court's reliance on such a request in entering its sanction of discharge." Trial Court Opinion at 3–4.

We note that, because of our disposition of this case, we need not determine whether (1) a "formal" discovery request was in fact made, and (2) the effect that the absence of such a "formal" request would have on the case.

**4.** There is no stenographic record of the March 23, 1987 hearing. At the May 13, 1987 hearing, however, appellant's counsel recounted on the record the representations that he had made at the March 23, 1987 hearing. Counsel stated that:

When the case was called to trial I represented that there was a discovery conference on January 6th, two months prior to the trial date. I represented at that time the District Attorney's file was missing. The Commonwealth did not challenge that version of the facts.

Thus, we cannot conclude that the court's mistaken assumption regarding the existence of a formal discovery request resulted from misrepresentations made by appellant. Accordingly, even if the court granted appellant's motion to discharge based upon "misinformation", it does not follow that appellant is responsible for that misinformation. Moreover, we are not satisfied that such misinformation is the equivalent of a fraud or other grave or compelling circumstance under *Simpson v. Allstate Ins. Co., supra.* Because the court's mistaken assumption regarding the existence of a formal discovery request did not result from a fraud perpetrated by appellant, and because the court otherwise lacked authority to issue its May 13, 1987 order, we must conclude that the trial court erred in vacating the March 23, 1987 order discharging appellant. *Commonwealth v. Cook, supra; Simpson v. Allstate Ins. Co., supra; Commonwealth v. Fiore, supra.*

For the foregoing reasons, we reverse the order of May 13, 1987, and we reinstate the order of March 23, 1987 discharging appellant. Jurisdiction is relinquished.

Order reversed. Appellant discharged. Jurisdiction is relinquished.

N.T. May 13, 1987 at 6. We note that the Commonwealth did not dispute counsel's recollection of the facts related to the March 23 hearing.