J-S17035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIE ALLEN PAINTER | |
| Appellant | No. 1481 WDA 2014 |

Appeal from the Order August 20, 2014
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000349-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 08, 2015**

Appellant, Jamie Allen Painter, appeals from the order entered in the Clarion County Court of Common Pleas, modifying his judgment of sentence. We vacate the order modifying the judgment of sentence and reinstate the original sentence imposed on June 12, 2014.

The relevant facts and procedural history of this appeal are as follows. On August 22, 2012, Appellant pled guilty to delivery of a controlled substance and terroristic threats.  In exchange, the Commonwealth agreed to the imposition of consecutive, standard-range sentences.  The Commonwealth also agreed to dismiss additional charges.  Following an oral colloquy, the court accepted Appellant's pleas, ordered a pre-sentence investigation report, and scheduled the matter for sentencing.  On October

_____

*Former Justice specially assigned to the Superior Court.

10, 2012, the court sentenced Appellant to nine (9) months to two (2) years less one (1) day imprisonment for the delivery conviction. For the terroristic threats conviction, the court sentenced Appellant to a consecutive term of two (2) years' probation. The sentences conformed to the plea agreement, and the court provided credit for time served of eighty-one (81) days. Appellant did not file post-sentence motions or a notice of appeal.

On June 28, 2013, the court granted parole. Appellant subsequently violated the terms of his parole. The court conducted a revocation hearing on January 23, 2014. Following the hearing, the court revoked parole and ordered Appellant to serve fifty-eight (58) days of backtime on the delivery conviction. The court also provided credit for time served of fifty-eight (58) days and returned Appellant to parole. The court did not modify the probationary sentence for Appellant's terroristic threats conviction.

Appellant subsequently violated the terms of his probation. The court conducted a revocation hearing on April 24, 2014, Appellant admitted to the violations, and the court revoked probation. On June 12, 2014, the court re-sentenced Appellant to five (5) months to two (2) years less one (1) day imprisonment, followed by two (2) years' probation for the terroristic threats conviction. The court provided credit for time served of seventy-five (75) days, and it granted automatic parole at the expiration of the minimum sentence "unless objected to by the Commonwealth." (Order, dated 6/12/14, at 1). Appellant did not file post-sentence motions or a notice of

appeal.

On August 13, 2014, the Commonwealth filed an objection to the court's grant of automatic parole. The court conducted a hearing on August 20, 2014. After the hearing, the court entered the following order:

> After [a] hearing, the [c]ourt ORDERED that provided [Appellant] continues good behavior in the Clarion County Prison, the [c]ourt directs that [Appellant] shall be eligible and receive parole at the expiration of his minimum sentence subject to the normal terms and conditions imposed by the Clarion County Adult Probation Department which, in this case, shall include drug and alcohol treatment.
>
> *   *   *

(Order, dated 8/20/14, at 1).

Appellant filed a motion to reconsider on August 22, 2014, arguing that the court modified the sentencing order by making drug treatment a parole condition. Appellant claimed the court lacked jurisdiction to act, because the modification occurred more than thirty (30) days after the imposition of sentence. The court denied Appellant's motion to reconsider on August 27, 2014. The court insisted it did not actually "amend" the sentencing order; rather, it entered "an Order granting parole status and setting forth conditions of parole." (Order, filed 8/27/14, at 1).

Appellant timely filed a notice of appeal on September 9, 2014. On September 15, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on October 3, 2014.

Appellant raises one issue for our review:

DID THE TRIAL COURT ERR IN AMENDING [APPELLANT'S] SENTENCE AFTER THIRTY DAYS HAD PASSED TO INCLUDE CONDITIONS THAT HE BE SUBJECT TO "NORMAL TERMS AND CONDITIONS" OF [PAROLE] WHICH INCLUDED COURT ORDERED TREATMENT?

(Appellant's Brief at 4).

Appellant contends the court revoked probation and imposed a new sentence of total confinement on June 12, 2014. Appellant asserts there was no patent or obvious error in the June 12, 2014 sentencing order. Appellant complains the court amended the sentencing order on August 20, 2014, to include drug treatment as a parole condition. Pursuant to 42 Pa.C.S.A. § 5505, Appellant insists the court lacked jurisdiction to amend the sentencing order after thirty days had passed. Appellant concludes the court erroneously amended the sentencing order. We agree.

"Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Thus, absent an appeal, the trial court retains power to modify or rescind any order within thirty days after its entry. *Commonwealth v. Sheppard*, 539 A.2d 1333 (Pa.Super. 1988). Generally, after the thirty-day period expires, the court lacks jurisdiction to modify an order. *Commonwealth v. Glunt*, 61 A.3d 228 (Pa.Super. 2012).

- 4 -

Where a patent or obvious error exists, however, the court may exercise its inherent power to correct the error despite the absence of traditional jurisdiction. ***Commonwealth v. Holmes***, 593 Pa. 601, 933 A.2d 57 (2007). Significantly, "[t]his exception to the general rule of Section 5505 cannot expand to swallow the rule." ***Id.*** at 617, 933 A.2d at 66. ***See also Commonwealth v. Robinson***, 33 A.3d 89, 92 (Pa.Super. 2011), *appeal denied*, 615 Pa. 776, 42 A.3d 292 (2012) (defining "patent" as "a fact apparent from a review of the record without resort to third-party information"). The omission of a parole condition from a sentencing order is not a patent error *per se*. ***Commonwealth v. Cooper***, 482 A.2d 1014, 1021 (Pa.Super. 1984).

"When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole…." ***Commonwealth v. Tilghman***, 652 A.2d 390, 391 (Pa.Super. 1995), *affirmed*, 543 Pa. 578, 673 A.2d 898 (1996) (quoting ***Commonwealth v. McDermott***, 547 A.2d 1236, 1239 (Pa.Super. 1988)). ***See also*** 42 Pa.C.S.A. § 9775 (reiterating sentencing court shall grant parole from term of imprisonment for less than maximum period of two years, and parole shall be without supervision by state parole board). Additionally, 42 Pa.C.S.A. § 9776 sets forth procedures for a trial court to follow before granting parole:

**§ 9776. Judicial power to release inmates**

     **(a) General rule.**—Except as otherwise provided under this chapter or if the Pennsylvania Board of Probation and Parole has exclusive parole jurisdiction, a court of this Commonwealth or other court of record having jurisdiction may, after due hearing, release on parole an inmate in the county correctional institution of that judicial district.

     **(b) Petition required.**—No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted.

     **(c) Hearing.**—On presentation of the petition, the court shall fix a day for the hearing. A copy of the petition shall be served on the district attorney and prosecutor in the case at least ten days before the day fixed for the hearing. Proof of service on the district attorney and the prosecutor shall be produced at the hearing.

     **(d) Order.**—After the hearing, the court shall make such order as it may deem just and proper. In case the court paroles the inmate, it shall place the inmate in the charge of and under the supervision of a designated probation officer.

* * *

42 Pa.C.S.A. § 9776(a)-(d).

Instantly, Appellant violated his probation on his terroristic threats sentence, and the court revoked probation. On June 12, 2014, the court re-sentenced Appellant to five months to two years less one day imprisonment, followed by two years' probation. The sentencing order also granted automatic parole at the expiration of the minimum sentence, unless the Commonwealth objected. The sentencing order did not include any other

parole conditions. Following entry of the sentencing order, Appellant did not file post-sentence motions or a notice of appeal.

The Commonwealth filed an objection to automatic parole on August 13, 2014. As a post-sentence motion, the Commonwealth's filing was untimely. *See* Pa.R.Crim.P. 720(A)(1) (explaining party shall file written post-sentence motion no later than 10 days after imposition of sentence). Because the Commonwealth filed its motion beyond the thirty-day period in which the court could have modified the sentencing order per Section 5505, the court lacked jurisdiction to entertain the Commonwealth's motion. *See* 42 Pa.C.S.A. § 5505; *Glunt, supra*; *Sheppard, supra*. Further, the record does not reveal a patent or obvious error to trigger the court's limited judicial power under the narrow exception to Section 5505.[1] *See Holmes, supra*; *Robinson, supra*.

In the August 27, 2014 order denying Appellant's motion to reconsider, the trial court cited two cases to support its contention that a court can impose parole conditions "long after the sentence order." (Order, filed 8/27/14, at 1). This Court has reviewed the relevant case law, and we agree with Appellant's assertion that the cases cited by the trial court "dealt

---

[1] On June 12, 2014, the court announced Appellant's new sentence at the conclusion of the hearing in open court. The court did not announce its intention to grant automatic parole at the expiration of the minimum sentence, and it did not mention any parole conditions. (*See* N.T. Hearing, 6/12/14, at 27-29.)

primarily with the substance of the [parole] condition rather than the actual **imposition and timing** of those conditions." (Appellant's Brief at 10) (emphasis in original). We recognize the court could have imposed parole conditions after sentencing **if** it had adhered to the procedures set forth in Section 9776, requiring a separate parole petition, hearing, and order. **See** 42 Pa.C.S.A. § 9776(a)-(c). **See also Presley v. Pennsylvania Bd. of Probation and Parole**, 748 A.2d 791, 794 n.3 (Pa.Cmwlth. 2000) (recognizing inconsistencies in statewide practices for courts' implementation of prior version of Section 9776; noting some counties' trial courts had issued general administrative orders stating defendants sentenced to minimum term of imprisonment shall be paroled immediately upon serving minimum sentence, unless Commonwealth filed petition objecting to defendant's release on parole). Here, the language in the sentencing order effectively bypassed the Section 9776 procedures by combining a parole determination with a sentencing order.

Under these circumstances, the court lacked jurisdiction to modify the sentencing order after thirty days. **See Cooper, supra** (holding amendment of sentence to require participation in drug program as condition of parole was unlawful, because court amended sentence more than thirty days after sentencing; although trial court has inherent power to correct obvious and patent mistakes, even after term of court has expired, omission of drug therapy as parole condition did not constitute obvious or patent

mistake). ***See also Commonwealth ex rel. Powell v. Rosenberry***, 645 A.2d 1328 (Pa.Super. 1994) (explaining trial court lacked jurisdiction to extend defendant's parole, even though defendant petitioned for extension of parole to have opportunity to pay fines; court did not act within thirty days of original sentencing order). Accordingly, we vacate the August 20, 2014 order modifying Appellant's sentence and reinstate the sentence imposed on June 12, 2014.

Order vacated; June 12, 2014 judgment of sentence reinstated.

Judge Shogan joins this memorandum.

Justice Fitzgerald concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2015