Commonwealth *v.* Liscinsky, Appellant.

Submitted April 13, 1961.   Before RHODES, P. J., ERVIN , WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph Robert Liscinski,* appellant, in propria persona.

*William Clancy Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 15, 1961:

Defendant was sentenced, on February 29, 1960, to undergo imprisonment for a term of not less than one and a half years nor more than three years on a charge of burglary, and was sent to the Western Correctional Diagnostic and Classification Center of Pennsylvania at Pittsburgh. At the time of sentencing, defendant was under sentence by the United States District Court for the Western District of Pennsylvania, and was awaiting transfer to an institution to be designated by the Director of the Bureau of Prisons of the United States Department of Justice.

The court specifically stated that the sentence imposed would become effective on the expiration of the federal sentence. However, the clerk in transcribing the sentence failed to set this forth. Consequently, defendant was sent to the Western Correctional Diagnostic and Classification Center. This error was discovered on March 18, 1960. The court corrected the clerical error in the sentence by making it effective on the expiration of the federal sentence, and this corrected sentence was recorded on the indictment. The federal authorities made demand for the return of defendant. On March 22, 1960, defendant was turned over to the federal authorities.

Defendant filed a motion to vacate and set aside the sentence of the lower court stating that the sentence was improper, and that the lower court was without jurisdiction because it had surrendered defendant to the federal authorities. The lower court denied the motion.

A sentence is in general subject to correction during the term of court. *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 142, 100 A. 2d 122. Clerical errors or inaccuracies in docket entries in a criminal case may be corrected by the trial court so that they conform to the facts. *Com. ex rel. Paylor v. Claudy,* 173

Pa. Superior Ct. 336, 340, 98 A. 2d 468. Such correction may be made before or after the expiration of the term. *Com. v. Rusic,* 229 Pa. 587, 591, 79 A. 140. Therefore, defendant's contention that the corrected sentence was improperly entered is without merit.

The lower court did not surrender jurisdiction over defendant when it delivered him to the federal authorities. Under the rule of comity, our federal and state sovereigns in effect have agreed that the one first acquiring custody of a defendant must be permitted to exhaust its remedy against him before the other will exercise its jurisdiction over the same defendant. This does not destroy the jurisdiction of the other sovereign, but only requires it, in the interest of orderly administration of justice, to postpone exercise of its jurisdiction by not taking the defendant into custody until the first sovereign has exhausted its remedy against him. Either sovereign may voluntarily surrender its prisoner to the other without surrendering jurisdiction and without the consent of the prisoner. See *United States ex rel. Helwig v. Klopfinstrin,* 137 Fed. Supp. 214, 215.

The order of the court below is affirmed.