639 A.2d 1235

**COMMONWEALTH of Pennsylvania,**

v.

**Richard W. QUINLAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1993.

Filed April 8, 1994.

114

Richard Quinlan, pro se.

James K. Vogel, Asst. Dist. Atty., Erie, for Com., appellee.

Before KELLY, POPOVICH and BROSKY, JJ.

KELLY, Judge:

In his appeal from the March 30, 1993 order denying PCRA relief, appellant asks us to determine whether the trial court erred when it entered an order on November 29, 1990, sentencing appellant to probation but making that order retroactive to May 20, 1988, the date on which appellant was originally sentenced, ostensibly to correct a clerical error. The PCRA court held that the belated imposition of a probation period and its subsequent revocation were proper. Because the facts of this case and the relevant law compel a different conclusion, we reverse.

We set forth the relevant facts and procedural history of this case as follows. On May 20, 1988, the original sentencing court sentenced appellant to eleven and one-half to twenty-three months in the Erie County jail on eighteen counts of

forgery [1] and related charges. The transcript of the May 20, 1988 sentencing proceedings before the Honorable William E. Pfadt states that, as part of the same sentence, appellant's term of incarceration was to be followed by a five-year probation period. However, the signed *written* order embodying appellant's sentence makes no mention of the five-year probation period. In August, 1988, the same sentencing court placed appellant on parole for the unexpired portion of the maximum term of his imprisonment. Again, no mention of the five-year probation period appears in the written order of parole. Without incident, appellant served out his term of parole which expired in April, 1990.

On September 28, 1990, five months after appellant's parole had expired, he was arrested on new charges of forgery, theft by deception and receiving stolen property, charges substantially similar to those prosecuted against him in 1988. These offenses were construed as "probation" violations; consequently, appellant was detained. His detainer was extended by the Honorable Shad Connolly, pending appellant's preliminary hearing on the new charges and probation revocation proceedings. The court denied appellant's petition for dispensation of the detainer which he sought on the grounds that (1) no order of probation existed in his case; (2) he was not, in fact, serving a probationary term; and (3) therefore, the detainer was unlawful. In response, on November 29, 1990, Judge Connolly entered a written order of probation,[2] dating that order retroactive to May 20, 1988. Thereafter, appellant sustained revocation of probation and a sentence of one to three years incarceration. Appellant's motion to modify his sentence was denied. A timely appeal was also filed but later withdrawn.[3] Nevertheless, at each stage of his proceedings,

1. 18 Pa.C.S.A. § 4101.

2. The Honorable William E. Pfadt had retired from the bench prior to this time. Appellee's Brief at 3.

3. Appellant's court-appointed counsel withdrew the appeal. The reason for the withdrawal is unclear. The record states that counsel withdrew the appeal because the verified statement was not correct and counsel was uncertain whether to pursue the appeal. Appellant claims he expected the appeal to go forward. Counsel asserts that he with-

appellant challenged, as unlawful, the detainer and belated order of probation.

Appellant filed a *pro se* petition for post conviction relief under 42 Pa.C.S.A. § 9543 on January 16, 1992. The petition was amended, with the assistance of court-appointed counsel, on March 27, 1992. The PCRA court denied relief on March 30, 1992. This timely appeal followed.

Appellant raises the following issues for our review:

1. WHETHER THE LOWER COURT ERRORED [sic] IN DETERMINING PROBATIONARY ORDER ENTERED ON NOVEMBER 29, 1990 BUT DATED MAY 20, 1988 WAS VALID AND SUBSEQUENT REVOCATION OF SAME AND IMPOSITION OF JAIL TIME ALSO VALID?

2. WHETHER THE LOWER COURT COMMITTED A VIOLATION OF DOUBLE JEOPARDY IN ENTERING A PROBATIONARY ORDER AT A DOCKET NUMBER WHERE THE ORIGINAL SENTENCE HAD ALREADY EXPIRED?

Appellant's Brief at 3.

Essentially, appellant's position is that the trial court erred when it authorized detainer, pursuant to alleged violations of a probation order which did not exist, and then entered a belated probation order made retroactive to May 20, 1988, to justify the detainer. Therefore, appellant concludes, all consequences flowing from the belated probation order are a nullity. We agree because the trial court had no authority to detain appellant pursuant to a non-existent probation order or to enter a belated probation order to justify the detainer, after appellant had served his sentence, as that sentence had been embodied in two written court orders. Furthermore, appellant's pursuit of relief is cognizable under the Post Conviction Relief Act because appellant's primary grievance is with the trial court's imposition of probation. The trial court had

drew the appeal on appellant's directive. In any event, there does not appear to be any outstanding appeal in this matter, as the Commonwealth has suggested.

neither the jurisdiction nor the authority to impose probation in the fashion employed in this case. Consequently, appellant's petition merits relief.

 An inquiry into the validity of a sentence is a question as to the legality of the sentence, a non-waivable matter. *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Ford,* 315 Pa.Super. 281, 296, 461 A.2d 1281, 1289 (1983). An issue of double jeopardy which involves the illegality of a sentence is also a non-waivable issue; even if raised for the first time in a petition for post-conviction relief. *Commonwealth v. Staples,* 324 Pa.Super. 296, 471 A.2d 847 (1984). As well, 42 Pa.C.S.A. § 9543, which defines the eligibility requirements for PCRA relief, provides that a person may be eligible for PCRA relief if a sentence results from a proceeding in a tribunal without jurisdiction. 42 Pa.C.S.A. § 9543(a)(2)(viii); *Commonwealth v. Butler,* 389 Pa.Super. 209, 566 A.2d 1209 (1989).

 Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S.A. § 5505; *Commonwealth v. Kotz,* 411 Pa.Super. 319, 601 A.2d 811 (1992). Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. *Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985). Also, when an appeal is taken, the trial court has no jurisdiction to modify its sentence. Pa. R.A.P. 1701(a); *Commonwealth v. Gordon,* 329 Pa.Super. 42, 477 A.2d 1342 (1984).

Exceptions to these general rules exist such that, once an appeal is taken, the trial court may still have authority to proceed further in the matter. Pa.R.A.P. 1701(b). For example, the trial court may reconsider its sentence, so long as a motion for reconsideration was timely filed with, Pa.R.A.P. 1701(b)(3)(i), and expressly granted by the trial court within the thirty-day time limit prescribed for filing a notice of appeal, Pa.R.A.P. 1701(b)(3)(ii). *Commonwealth v. Gordon, supra.*

■ The power to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record is inherent in our court system. *Commonwealth v. Fiore*, 341 Pa.Super. 305, 491 A.2d 276 (1985). A sentencing court can, *sua sponte*, correct an illegal sentence originally imposed, even after the defendant has begun serving the original sentence. *Commonwealth v. Jones*, 520 Pa. 385, 554 A.2d 50 (1989). Where an initial punishment was procured by fraud, the trial court may decrease or increase the initial sentence. *Id.; Commonwealth v. Meyer*, 169 Pa.Super. 40, 82 A.2d 298 (1951). This inherent power of the court to correct obvious and patent mistakes is not eliminated by the expiration of the thirty-day appeal period. *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970). In *Cole*, the Pennsylvania Supreme Court explained that an order granting both a new trial and an arrest of judgment was clearly contradictory; thus, the original order was patently erroneous and could be corrected even after the thirty days had passed. *Id.*

■ An omission from an original sentence, however, is not a patent error *per se*. *Commonwealth v. Cooper*, 333 Pa.Super. 559, 482 A.2d 1014 (1984). In *Cooper*, the omission of drug therapy as a condition of parole was not considered a patent or obvious mistake even though noted at the sentencing hearing; thus, the sentence which was amended to include the parole condition and imposed more than thirty days after sentencing was unlawful and a nullity. *Id.* *See also, Commonwealth v. Martin, supra* (trial court lacked jurisdiction to modify a sentence, once the thirty-day period for filing an appeal has passed; *i.e.*, the court lacked jurisdiction to make a concurrent sentence into a consecutive sentence five months after the original concurrent sentence had been entered); *Bailey v. Commonwealth of Pennsylvania Board of Probation and Parole*, 140 Pa.Cmwlth. 108, 591 A.2d 778 (1991) (common pleas court order, entered eleven to twelve months after entry of original order, retroactively modifying date on which parolee was released from county sentence, and consequently be-

came available to begin serving back time, was a "nullity" under 42 Pa.C.S.A. § 5505).

■■■■ Well-settled Pennsylvania law permits the Commonwealth to pursue a correction, modification or increase in the originally imposed sentence because no sentence is final until the right of appellate review has been exhausted or waived. *Commonwealth v. Fitzhugh,* 360 Pa.Super. 217, 520 A.2d 424 (1987), *appeal denied,* 515 Pa. 598, 528 A.2d 955 (1987); *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982). However, the rule which provides that a motion to modify a sentence must be filed with the sentencing court prior to obtaining appellate review of the sentence applies to the Commonwealth and a failure to comply with the rule constitutes a waiver of the right to appellate review. Pa.R.Crim.P. 1410; *Commonwealth v. Rainey,* 338 Pa.Super. 560, 488 A.2d 34 (1985); *Commonwealth v. Bossche,* 324 Pa.Super. 1, 471 A.2d 93 (1984); *Commonwealth v. Anderson, supra.* Thus, the power of the sentencing court to correct "clerical errors" regarding a sentence is bounded by considerations of timeliness on the part of the trial court, *see* 42 Pa.C.S.A. § 5505, and on the part of the aggrieved party, *see* Pa.R.Crim.P. 1410. *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 421–22, 550 A.2d 219, 229 (1988), *appeal denied,* 522 Pa. 611, 563 A.2d 496 (1989).

■■■■ Under *Commonwealth v. Foster,* 229 Pa.Super. 269, 324 A.2d 538 (1974) and its progeny, the general rule is: "Oral statements made by the judge in passing sentence, but not incorporated in the written sentence signed by [the sentencing judge], are not part of the judgment of sentence." *See also Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820 (1990) (quoting *Commonwealth v. Green,* 232 Pa.Super. 555, 557–58, 335 A.2d 392, 393 (1975), quoting *United States ex rel. Speaks v. Brierley,* 417 F.2d 597, 600 (3d Cir.1969), *certiorari denied,* 397 U.S. 1051, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970)) ("a sentence, like any other judgment, is to be construed so as to give effect to the intention of the sentencing judge and that to determine this intention, the court will limit

itself to the language of the [written, signed and recorded judgment of sentence] despite oral statements of the sentencing judge which are not incorporated in it"); *Commonwealth v. Hodge*, 246 Pa.Super. 71, 81, 369 A.2d 815, 820 (1977) (an oral pronouncement of sentence is not a "sentence imposed" until incorporated in a signed written judgment). In *Commonwealth v. Vanderlin, supra*, the trial court recognized a sentencing error before the sentencing orders were reduced to a writing, signed and filed with the Prothonotary; the court contacted the parties and timely reconvened to rectify the sentencing error. *Id.*, 398 Pa.Super. at 40, 580 A.2d at 830. In *Commonwealth v. Hodge, supra*, the sentencing court imposed sentences on some charges and suspended sentences on the remaining charges. Immediately, the prosecution urged the court to sentence the defendant on all charges. The sentencing court complied with this request. On appeal, this Court held that the revised sentencing on all charges did not constitute a violation of the Double Jeopardy Clause [4] of the Fifth Amendment because the first oral pronouncement of sentence was not a "sentence imposed." *See also Commonwealth v. Sutton*, 400 Pa.Super. 291, 583 A.2d 500 (1990), *appeal denied*, 528 Pa. 610, 596 A.2d 156 (1991) (remand for resentencing on all counts, where sentence on only one count had been appealed, did not violate double jeopardy clause, where aggregate sentence on resentencing did not exceed aggregate original sentence); *Commonwealth v. Grispino*, 361

---

**4.** The protections afforded by the Double Jeopardy Clause of the United States Constitution and the Pennsylvania Constitution are coextensive, involving the same meaning, purpose and end. *Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988); *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986). This clause protects against multiple prosecutions for the same offense after acquittal and against multiple punishments for the same crime. *Commonwealth v. Arriaga*, 422 Pa.Super. 52, 618 A.2d 1011 (1993); *Commonwealth v. Rightley*, 421 Pa.Super. 270, 617 A.2d 1289 (1992). An order placing a defendant on probation is a punishment for double jeopardy purposes. *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702 (1992). The "expectation of finality" inherent in double jeopardy considerations is present once an appeal is concluded or the time for appeal has expired. *Commonwealth v. Jones, supra* (citing *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)); *see also Commonwealth v. Sojourner, supra*.

Pa.Super. 107, 521 A.2d 950 (1987), *appeal denied,* 516 Pa. 617, 531 A.2d 1119 (1987) (sentence challenged on appeal by the Commonwealth may be increased without offending principles of double jeopardy).

 Instantly, appellant's sentence of eleven and one-half months to twenty-three months, as originally written, signed and recorded on May 20, 1988, is not challenged as illegal, patently contradictory, or fraudulently procured. Thus, the rules requiring timely modification of the sentence control. *See* 42 Pa.C.S.A. § 5505, Pa.R.Crim.P. 1410; Pa. R.A.P. 1701. No attempt was made by the Commonwealth, in this case the aggrieved party, to correct any inconsistency between the oral and written sentencing orders for over two years and five months, long after appellant's parole was completed. The Commonwealth was obligated to petition for modification of the written sentence or suffer waiver of the issue. *See Commonwealth v. Isabell, supra.* Accordingly, as no order of probation existed when appellant was detained in September, 1990, the court was without jurisdiction to detain appellant for alleged violations of the non-existent probation order.

 Likewise, the court was without authority to enter an order of probation on November 29, 1990, making the order retroactive to May 20, 1988, assertedly to correct a "clerical error" in appellant's original sentencing and parole orders, both of which were written, signed, recorded, and unchallenged. The time for modification of the sentence had long passed. Neither the order entering judgment of sentence nor the order of parole mentions a term of probation. The presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged. *See Commonwealth v. Thomas,* 219 Pa.Super. 22, 280 A.2d 651 (1971). Therefore, a successor court which reaches back two and one-half years and allows the transcript of the sentencing proceeding to trump two written, signed, recorded, and unappealed orders acts without authority of either rule or case law.

Accordingly, we conclude that the order of probation and all consequences flowing therefrom are a nullity. Appellant's petition for post conviction relief should be granted.[5] The retroactive probation order was erroneously entered and cannot justify an otherwise unlawful detainer. Hence, we reverse the trial court's order denying appellant PCRA relief.

Order reversed.

POPOVICH, J., filed a dissenting opinion.

POPOVICH, Judge dissenting.

Unlike the Majority, I do not find that the revocation of the appellant's probation and imposition of sentence are violative of the Double Jeopardy clause, and, as a consequence, the denial of the appellant's Post Conviction Relief Act (PCRA) petition should be affirmed.

The facts are not in dispute and reveal that the appellant pleaded guilty to eighteen counts of forgery and was sentenced as follows:

> At Docket No. 457 of 1988, Count II, a term of incarceration of eleven and one-half to twenty-three months, to run concurrent with the sentence imposed at Docket No. 263 of 1988, Count I, *and a consecutive term of probation for a period of five years.* Counts 23 through 29, a concurrent term of incarceration of eleven and one-half to twenty-three months.

N.T. 5/20/88 at 9 (Emphasis added). The sentence of probation is consistent with the official transcript, the Clerk of Courts' records, the notation in the Probation Office reports and the District Attorney's documents on the case.

However, despite the oral sentence of the court, no mention was made of the period of probation when the sentence was reduced to a written order of even date. See Exhibit "T"

---

5. In the present case, appellant challenges the retroactive imposition of probation, principally, and all proceedings incident thereto. As such, *Commonwealth v. Grier*, 410 Pa.Super. 284, 599 A.2d 993 (1991), *appeal denied*, 530 Pa. 639, 607 A.2d 250 (1992) (holding that a challenge to probation revocation is not cognizable under 42 Pa.C.S.A. § 9543, the Post Conviction Relief Act) is inapposite.

attached to Appellant's Brief. The reason for such an oversight appears in the subsequently filed PCRA Court Opinion at 3; to-wit:

In Erie County at the time the petitioner was originally sentenced, it was the responsibility of the Clerk of Courts to notify the Probation/Parole Department of the imposition of probation, which was then responsible for drafting an order of probation for the [sentencing] judge's signature. In this case an order of probation was not prepared and signed until [the] Judge[, assigned to act in place of the then retired sentencing judge,] signed one on November 29, 1990, to reflect the actual sentence imposed on May 20, 1988.

More specifically, it was not until the appellant had been paroled on the forgery counts, and the time under the original sentence (without compliance with the probationary term) was served, that he was detained by his probation officer for violations of probation. In fact, the appellant was incarcerated until a probation revocation hearing could be conducted.

When the appellant filed a motion to remove the detainer, on the ground that "no probation was issued in addition to the terms of incarceration on May 20, 1988," the requested relief was denied. Further, on November 29, 1990, the court issued an order of probation retroactive to May 20, 1988 (the date of the original sentence), to reflect the actual sentence of the court.

With the issuance of the November 29, 1990, order, the appellant's May 20, 1988, probation was revoked and he was sentenced to a term of incarceration of one to three years to be served from September 28, 1990. A motion to modify sentence was denied, an appeal therefrom was filed and withdrawn by the appellant, but a pro se PCRA petition followed. Counsel was appointed and an amended petition was filed challenging the legality of the probation revocation and subsequent sentence imposed by the court. No relief was granted and this appeal ensued claiming that the imposition of the probationary sentence, with its subsequent revocation and serving of jail time as a result thereof, was invalid and

violative of the Double Jeopardy clause of the United States Constitution, Amendment V.[1]

In resolving the issue posed, I note that, more than nine decades ago, the United States Supreme Court in *Gagnon v. United States*, 193 U.S. 451, 456, 24 S.Ct. 510, 511, 48 L.Ed. 745 (1904), wrote:

> The power to amend its record to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice....

Accord *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339, 341 (1970). In this jurisdiction, the power to rescind or modify a judgment of sentence is codified in 42 Pa.C.S.A. § 5505, which reads:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court if no appeal from such order has been taken or allowed.

The Act of July 9, 1976, P.L. 586, No. 142, § 2.

In interpreting the predecessor to Section 5505, i.e., the Act of June 1, 1959, P.L. 342, No. 70, § 1, our Supreme Court has held that the "patently erroneous" nature of an order rendered it subject to rectification, notwithstanding that the thirty-day limitation of the Act of 1959 had expired because, "[b]oth before and since the passage of th[e] statute, a court retains its inherent power to correct any patent mistakes in its orders." *Cole*, supra, 437 Pa. at 293, 263 A.2d at 341; *Commonwealth v. Vanderlin*, 398 Pa.Super. 21, 580 A.2d 820, 832 (1990) (Comment to Pa.R.Crim.P. 1410 references "the court's inherent power to correct obvious and patent mistakes in its orders, *at any time* ). Furthermore, a court may correct a clerk's erroneous docket entry. *Commonwealth v. Meyer*, 169 Pa.Super. 40, 82 A.2d 298 (1951).

1. The Double Jeopardy clause of the Fifth Amendment is applicable to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

*Sub judice,* granted an examination of the written 1988 order does not disclose any patent mistakes (i.e., by looking on the face of the order itself) as in *Cole,* supra. Nonetheless, this does not foreclose the exercise of a court's inherent power to modify or rescind an order where equity demands, even if the modification or rescission is effectuated beyond the statutory time limit. See *Commonwealth v. Butler,* 389 Pa.Super. 209, 566 A.2d 1209, 1210 (1989), citing *Estate of Gasbarini v. Medical Center of Beaver,* 487 Pa. 266, 409 A.2d 343 (1979).

In determining whether a correction is called for, we may look to the sentencing hearing where the record does indicate that the court *expressly* intended to impose a period of probation as an element of the appellant's sentence. Contrast *Commonwealth v. Cooper,* 333 Pa.Super. 559, 482 A.2d 1014 (1984). Thus, the recorded sentence *and* that orally imposed are not consistent with each other, which would discount the possibility that the sentence originally imposed was a "slip of the tongue". Contrast *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803, 806 (1971).

Rather, the more rational explanation for the discrepancy between the oral and written sentence is the Clerk of Courts' failure (via the Probation Office) to draft a probation order for the court's signature. See PCRA Court Opinion at 3, wherein it is written that:

> In Erie County at the time the petitioner was originally sentenced, it was the responsibility of the Clerk of Courts to notify the Probation/Parole Department of the imposition of probation, which was then responsible for drafting an order of probation for the judge's signature. In this case an order of probation was not prepared and signed until Judge Connelly signed one on November 29, 1990, to reflect the actual sentence imposed on May 20, 1988.

In light of the preceding, it would appear that the *correct* sentence was *not* issued as a result of a breakdown in the court's operation. Under such circumstances, the appellant's position is without merit since "it is fundamental that a court has the inherent power to correct such mistakes. Moreover, this power includes the power to correct mistakes affecting

jurisdiction where the mistake is a result of a breakdown in the court's operations." *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234, 237 n. 2 (1976). Accord *Commonwealth v. Rusic,* 229 Pa. 587, 79 A. 140, 141 (1911); *Commonwealth v. Silcox,* 161 Pa. 484, 29 A. 105, 106 (1894); *Sharff v. The Commonwealth,* 2 Bin. 514, 515 (1810); *Commonwealth v. Smith* 209 Pa.Super. 487, 229 A.2d 18, 20 (1967); *Commonwealth v. Burdell,* 176 Pa.Super. 219, 107 A.2d 739, 743–744 (1954), rev'd on other grounds, 380 Pa. 43, 110 A.2d 193 (1955).

Whether there has been a mistake is a question for the court; and, after the passage of many years, extreme caution should be used to correct such records. *Commonwealth ex rel. Paylor v. Claudy,* 173 Pa.Super. 336, 98 A.2d 468, 470 (1953). Nonetheless, a court retains the inherent power to correct clerical errors, omissions or inaccuracies in a criminal record so that it may conform to the actual facts. *Id.; Burdell,* supra. Such correction may be made before or after the expiration of the term. *Commonwealth v. Liscinsky,* 195 Pa.Super. 183, 171 A.2d 560, 561 (1961) (Citation omitted); see also *Vanderlin,* supra; Comment to Pa.R.Crim.P. 1410 (court has inherent power to correct obvious and patent mistakes in its orders at any time).

It is not as if the appellant is being surprised by the fact that the court had imposed a 5–year term of probation in the sentence: He was present during the sentencing hearing *and* executed a probation agreement on August 8, 1988, with the Erie County Adult Probation/Parole Department listing the terms of his probation. See Exhibit "P" in the Appellant's Brief; PCRA Court Opinion at 4.

Lastly, in support of the position that the appellant's claim seeking to invalidate his violation of probation should be denied even though the *written* sentencing order did not indicate the imposition of a period of probation as had been stated orally by the court during the sentencing hearing, we look to *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 550 A.2d 219 (1988), allocatur denied, 522 Pa. 611, 563 A.2d 496 (1989).

In *Kubiac*, the trial judge sentenced the appellant *on October 13, 1987*, but entered an order *on March 17, 1988*, indicating that there had been a clerical error in the order and corrected the sentence to impose a maximum of twenty years imprisonment. On appeal, the appellant claimed that the trial court violated his right to be free from double jeopardy by correcting the order of sentence, increasing the term to be served. We disagreed, and, in the course of doing so, wrote:

In this case, at the sentencing hearing, on the record, the trial court sentenced Mr. Kubiac to a twenty-year maximum term of imprisonment for each of the ... offenses. However, it is well-settled that the signed sentencing order takes precedence over oral statements of the sentencing court not incorporated into that order. It is equally clear that the sentencing court may correct clerical errors regarding a sentence. This power, is, however, bounded by considerations of timeliness on the part of the trial court, *see* 42 Pa.C.S.A. § 5505 (court may modify or rescind order within thirty days if no appeal is taken), and on the part of the aggrieved party, *see* Pa.R.Crim.P. 1410 (appellant must file motion to modify sentence within ten days). The supreme court of this Commonwealth has also indicated that that power is bounded by constitutional considerations, chiefly, double jeopardy concerns.

\* \* \* \* \* \*

It would seem that our course, then, [in light of *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971); *Commonwealth v. Thomas*, 219 Pa.Super. 22, 280 A.2d 651 (1971)], is to vacate the sentence calling for a mandatory twenty years imprisonment, and reinstate the sentence originally written on the indictment, which set the maximum term at ten years imprisonment. There are two factors which we must consider before deciding to reach that disposition. Firstly, *Ex Parte Lange* [85 U.S. 163, 21 L.Ed. 872 (1873)], the Supreme Court case upon which *Allen*, and therefore *Brown* and *Thomas*, rely, has since been limited to its facts by that Court. In *United States v. DiFrancesco*,

449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court held that *Lange* did not state a blanket rule that the trial judge could never increase a sentence if the defendant had begun to serve that sentence. *Id.* at 138–39, 101 S.Ct. at 438–39. A panel of this court in *Commonwealth v. Adams* [350 Pa.Super. 506, 504 A.2d 1264 (1986)], supra, has pointed out that the Supreme Court's decision in *DiFrancesco* throws into some doubt the rationale and holding in both *Allen* and *Thomas*, and has accepted the less expansive reading of the double jeopardy rule espoused by the *DiFrancesco* Court. The *Adams* court held that the error in recording sentences on the wrong bills of indictment was clerical, and therefore could be corrected. *Adams*, 350 Pa.Super. at 513, 504 A.2d at 1268, relying on *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983) (trial court incorrectly sentenced appellant to three inchoate offenses which merged with ultimate crime, correction of sentence did not result in double jeopardy because merely substituting new sentences for vacated sentence) and *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977) (trial court found offenses to merge which did not, permitting trial court to correct error of law did not increase punishment, but merely modified sentence to base it on valid conviction). Further, although the *Adams* court stated, in dicta, that an increase in sentence would violate the double jeopardy clause, *id.*, it is not clear that that is the case here. *We do not agree that the correction here increases the sentence. The sentence given and recorded at the sentencing hearing was five to twenty years on the involuntary deviate sexual intercourse counts, and Mr. Kubiac was aware of that fact,* as is evident from his untimely motion to reconsider sentence.

Secondly, while the supreme court in *Brown* did note that the thrust of the *Allen* opinion was toward a prophylactic rule, *id.*, to apply that rule here would be illogical. In *Allen*, the trial court attempted to change a sentence orally given, and written on the indictment. *Id.* [443 Pa.] at 104, 277 A.2d at 806. *Brown* involved a similar scenario.

*Brown,* 455 Pa. at 275, 314 A.2d at 507–508. *Here, the sentence was stated initially at twenty years maximum on both counts of involuntary deviate sexual intercourse. This is reflected by the record of the sentencing hearing, the judge's notes, the court reporter's notes, and the notes of the institution.* Further, in his untimely motion for reconsideration of sentence, Mr. Kubiac stated that his sentence was ten to forty years imprisonment. With such documentation, no abuse is possible. We are not dealing with a "slip of the tongue" on the part of the sentencing judge, as were the *Allen* and *Brown* courts. We believe that the remarks of the *Allen* court stating that to allow corrections would be against public policy and that " '[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners,' " *Allen,* 443 Pa. at 105, 277 A.2d at 807 (quoting *United States v. Sacco,* 367 F.2d 368, 370 (2nd Cir.1966), have no relevance here.

*While we are aware that the trial judge had signed the order, and therefore ideally should have known of the error, we believe that to make such a decision contravenes common sense, and creates an injustice.* "The same may be said here as was said of the appellant in *[Commonwealth v.] Bailey* [, 250 Pa.Super. 402, 378 A.2d 998 (1977) ]: He would receive an undeserved windfall if the trial court could not correct its sentence. It would be undeserved because it would be based on a clerical error—the trial court's mistake in correcting its order...." *Adams,* 350 Pa.Super. at 513, 504 A.2d at 1268. We cannot accept the reasoning in *Thomas* that an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is not a clerical error. The error here was clearly a clerical one, and subject to correction under *Commonwealth v. Meyer,* supra.

379 Pa.Super. at 421–26, 550 A.2d at 229–231 (Citations omitted in part; emphasis added).

As in *Kubiac,* the sentence here was altered beyond the thirty-day period provided for by 42 Pa.C.S.A. § 5505. Likewise, in both cases the record of the sentencing hearing, the court reporter's notes and the notes of the institution (here we additionally have the records of the Clerk of Courts and the Adult Probation/Parole Department and the appellant's signature on a probation agreement with the Department), all pointing to the *correct* sentence.

It was a clerical error that needed to be remedied in *Kubiac,* while instantly we have a breakdown in the court's operation (with the Clerk of Courts and Probation Department not carrying out their roles in providing the sentencing court with a probation order) which requires rectification. Not to allow the court's correction of the record would be at odds with *Kubiac's* logic, not to mention the precept allowing a court to correct a record through its traditional inherent power. Neither point is violative of the Double Jeopardy clause.

> "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

*Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011, 1014 (1982). This would be the effect, a wind-fall for the appellant, with the Majority's result.

Therefore, in light of the preceding, I would affirm the order of the PCRA court. To the extent that the Majority concludes otherwise, I respectfully dissent.