J-S59026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
     :        PENNSYLVANIA
               Appellee     :
     :
           v.          :
     :
BRYAN J. THOMPSON,          :
     :
             Appellant    :   No. 301 WDA 2015

Appeal from the PCRA Order February 2, 2015,
Court of Common Pleas, Cambria County,
Criminal Division at No. CP-11-CR-0000545-2014

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:        **FILED SEPTEMBER 28, 2015**

Appellant, Bryan J. Thompson ("Thompson"), appeals from the order entered on February 2, 2015 in the Court of Common Pleas, Cambria County, denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm.

The PCRA court provided the following summary of the factual and procedural history:

> On June 3, 2014, Thompson entered a guilty plea to one count of [d]efiant [t]respass[1] and was sentenced, *inter alia*, to serve twelve (12) months probation with a furlough to inpatient drug and alcohol treatment.  Following release from treatment Thompson was to be returned to the Cambria County Prison unless he had pre-approved housing waiting for him.  The Court was clear that he would be returned to county prison after treatment unless he had an approved residence waiting.  As part of his

---

[1]  42 Pa.C.S.A. §§ 9541-46.

*Former Justice specially assigned to the Superior Court.

plea agreement the Commonwealth *nolle prossed* the remaining charge of [d]isorderly [c]onduct thirty-one (31) days after sentencing.

On August 28, 2014, a probation violation bench warrant was issued for Thompson on the basis that he had left his residential treatment at White Deer Run prior to completing the program and failed to contact the Cambria County Probation Office to approve his residence as required. Thompson was apprehended in Westmoreland County on October 1, 2014, and a hearing on the bench warrant was held October 31, 2014, at which time it was alleged that he was in violation of his original probation for failure to complete treatment, failure to have his residence approved, and having new charges filed. The hearing was continued to permit Thompson the opportunity to present evidence that he had completed the program, that he was released from it, that he had [a] residence to return to, and that acting upon belief that he could return home he did just that. Thompson was remanded to the prison following the October 31st hearing due to not having a residence. Further, the [c]ourt indicated that if Thompson could establish he completed the program and had a residence he would be released forthwith.

A further hearing was held November 21, 2014, at which time no evidence was presented to support Thompson's claim and he was found in violation of his probation and sentenced to complete a ninety (90) [day] treatment program at Peniel after which he was to be returned to the prison at which time the matter would be revisited. Failure to complete the program or leaving the program would be considered a further violation.

_____

[FN1] 18 Pa.C.S.A. § 3503(b)(1)(i).

PCRA Court Opinion, 4/7/15, at 1-2 (footnote included in original) (citations omitted).

On December 15, 2014, Thompson filed a PCRA petition pro se alleging that the trial court illegally modified his sentence after the sentencing hearing. Attorney Timothy Burns was appointed as counsel on December 23, 2014 and filed an amended PCRA petition on January 26, 2014. In the petition, Thompson alleged that he was serving an illegal sentence because the trial court changed a condition of his sentence without a proceeding on the record to reflect the modification. Thompson specifically assailed the portion of the sentencing order that required him to return to the Cambria County Prison after completing inpatient treatment rather than allowing him to be directly released from treatment to a street address he was to provide to the court as the trial court stated during the sentencing hearing.

The PCRA court held an evidentiary hearing on February 2, 2015 and denied Thompson's petition by order on that same day. On February 9, 2015, Thompson filed a timely notice of appeal, raising one issue for our review:

> 1. The [PCRA] [c]ourt erred in finding that it did not change [Thompson's] sentence when on the record at [Thompson's] sentencing, the [c]ourt stated [Thompson] would be released from a drug treatment center directly to his home address (if he had a home address) which was in contradiction to the [c]ourt's sentencing order which indicated that he would be returned to the Cambria County Prison after completing his time at a drug treatment center. The [c]ourt failed to make this change [to]

> [Thompson's] sentence on the record; thus constituting an illegal sentence.

Thompson's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citing ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011)). A PCRA petitioner must establish the claim by a preponderance of the evidence. ***Commonwealth v. Gibson***, 925 A.2d 167, 169 (Pa. 2007).

In this case, Thompson contends that he is serving an illegal sentence because the trial court's sentencing order contradicted the trial court's statements at the sentencing hearing. Thompson's Brief at 7-10. Thompson specifically assails that portion of the trial court's order, which provides: "the Defendant shall be released into short-term inpatient residential treatment. Upon successful completion of that treatment the Defendant shall be returned to the Cambria County Prison so that the above case can be addressed." ***Id***. at 7-8; Order, 6/5/14. Thompson argues that this portion of the order contradicts the statements made by the trial court during the sentencing hearing, specifically pointing to the notes of testimony wherein the trial court stated:

> When you are done with treatment, if you have a residence to go to that has a number on the door

and a street address at the mailbox, you will be released from the treatment center directly to the street address. If you do not have a residence, you will be returned to jail until you do because I can't supervise you out in no man's land. Okay[?]

Thompson's Brief at 7; N.T., 6/3/14, at 5. Thus, Thompson asserts that the trial court's order improperly modified the sentence after the sentencing hearing to require him to return to prison upon completion of treatment and is therefore illegal. Thompson's Brief at 10.

In its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rule of Appellate Procedure, the PCRA court determined that Thompson's argument that the sentence was illegal was meritless. PCRA Court Opinion, 4/7/15, at 5. The PCRA Court first concluded that Thompson's argument was in error because he "violated the terms of [the] original sentence when he left the White Deer Run treatment facility prior to completing the program and going to an unapproved residence resulting in the issuance of [a] bench warrant for his arrest." *Id.* at 4.

The PCRA court further concluded that:

> [t]he [c]ourt's sentence on June 3rd did not indicate that he would be released directly from treatment to his home; indeed the sentence was such that the residence has to be approved by the probation office, which would preclude such a result. The June 5th Order is the [c]ourt's standard order when furloughing a defendant to drug treatment. It is designed to ensure that a defendant has not only completed the program but that they have completed all other sentencing requirements prior to their release. Here that would include that

> Thompson had a confirmed address to be released to. Accordingly, this order did not modify his sentence in anyway [sic] but served as a means of ensuring compliance with that sentence.

*Id.* at 4-5. After our review of the record, we find that the record supports the PCRA court's determination.

First, we conclude that the record supports the PCRA court's determination that Thompson's argument is meritless because he was not returned to prison based on the alleged modification to the sentencing order. Instead, the record reflects that Thompson failed to complete a treatment program and failed to provide an address of a residence to which he could be released. *Id.* at 2; N.T., 10/31/14, at 5-6. As Thompson does not dispute that he was required to complete a treatment program and provide an address of a residence in order to be released from prison, Thompson has not established that he is serving an illegal sentence.

Second, we find that the record belies Thompson's claim that the trial court illegally modified the sentence. While Thompson relies on the trial court's statements at the sentencing hearing that he would be released directly from the treatment center, the record reflects that the trial court also stated, "When he is done [with treatment], he's coming back to jail because you do not get released unless you have a home where we know where to supervise you. … I am not just opening the gate and chasing him around for his costs and fines." N.T., 6/3/14, at 4. These statements are

conflicting with the trial court's subsequent statements that he would be released directly to a residence if he provided the street address. ***See id.*** at 5. The trial court's intentions upon Thompson's release from the treatment program were therefore ambiguous.

In ***Commonwealth v. Borrin***, 12 A.3d 466 (Pa. Super. 2011), this Court held, that "[i]f … a trial court's stated intentions during the sentencing hearing are ambiguous, then the terms of the sentence in the sentencing order control[.]" ***Id.*** at 473. "Oral statements made by the sentencing court, but not incorporated into the written sentence signed by the court, are not part of the judgment of sentence." ***Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa. Super. 2013) (citing ***Commonwealth v. Quinlan***, 639 A.2d 1235 (Pa. 1994)).

In this case, the sentencing order clarifies the trial court's intention by specifying that Thompson was to return to prison upon successful completion of inpatient treatment until the case could be addressed. The trial court did not modify its sentence after the sentencing hearing, but rather, clarified the procedure for releasing Thompson to a residence "as a means of ensuring compliance with that sentence." PCRA Court Opinion, 4/7/15, at 5. As the written judgment of sentence prevails over the trial court's stated intentions, we conclude that Thompson's legality of sentencing claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2015