J-S07024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN LEE LUCZAK | |
| Appellant | No. 1217 MDA 2015 |

Appeal from the Judgment of Sentence March 27, 2012
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000014-2010

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY OTT, J.:                   **FILED FEBRUARY 09, 2016**

Justin Lee Luczak appeals from the Judgment of Sentence entered on March 27, 2012, in the Court of Common pleas of Columbia County, following his conviction on charges of retail theft[1] and a "drug related offense."  Specifically, Luczak appeals from the order entered on June 22, 2015, denying without a hearing his motion to modify sentence, *nunc pro tunc*.  All parties and the trial court agree that Luczak is entitled to relief. Accordingly, we reverse the order and remand this matter for correction of the typographic error.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929.  It is unclear what the drug related offense was.

Pursuant to his conviction on the above stated charges, Luczak was sentenced to a term of 24 months of state intermediate punishment (IP) to be followed by 12 months of probation. **See** N.T. Sentencing, 3/27/2012 at 1-2. However, the written sentencing order indicated Luczak was to serve 24 months of IP and followed by 24 months of probation. This typographic error went unnoticed until Luczak was arrested on other charges and detained based upon a claim of state probation violation. Luczak sought *nunc pro tunc* correction of the original sentence. However, the trial court denied Luczak's motion without a hearing. Subsequently, the trial court realized its error, and now asks that the order be reversed and the matter remanded for correction of the sentencing order found in the certified record. The Commonwealth has reviewed this matter and agrees that Luczak is entitled to this relief.

We note that the trial court has the inherent power to correct obvious mistakes and typographic error, even outside the 30-day period proscribed by statute.

> Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S.A. § 5505;[2] **Commonwealth v. Quinlan**, 433 Pa.

---

[2] Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*(Footnote Continued Next Page)*

Super. 111, 639 A.2d 1235, 1238 (1994). Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. *Quinlan*, 639 A.2d at 1238. When an appeal is taken, the trial court has no jurisdiction to modify its sentence. *Id*. We note, however, that the time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to "amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record...." *Id.,* at 1239. Therefore, where the mistake is patent and obvious, the court has the power to correct it even though the 30-day appeal period has expired. *Commonwealth v. Rohrer*, 719 A.2d 1078, 1080 (Pa. Super. 1998). It is also well-established that where a showing of fraud or another circumstance "so grave or compelling as to constitute 'extraordinary causes justifying intervention by the court,' " then a court may open or vacate its order after the 30-day period has expired. *Cardwell v. Chrysler Fin. Corp.*, 804 A.2d 18, 22 (Pa. Super. 2002).

*Commonwealth v. Walters*, 814 A.2d 253, 255-56 (Pa. Super. 2002).

The trial court had the inherent power to correct the typographic error in the first instance, but mistakenly declined to do so. Accordingly, the trial court has asked the matter be remanded so that the error may be corrected.

Order denying motion to modify sentence *nunc pro tunc* reversed. Matter is remanded to the trial court for correction of typographic error. Jurisdiction relinquished.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

42 Pa.C.S § 5505

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/9/2016</u>