J-A18007-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 278 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001148-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 279 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001149-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 280 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County

Criminal Division at No(s): CP-63-CR-0001150-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 281 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001151-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 282 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001152-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 283 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016

In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001153-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 284 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001154-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 285 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001155-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAYNE CHARLES COFFIELD | |
| Appellant | No. 286 WDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001156-2009

BEFORE:  BOWES, LAZARUS, AND OTT, JJ.

MEMORANDUM BY BOWES, J.:                         FILED NOVEMBER 13, 2017

Shayne Charles Coffield appeals from the aggregate probation revocation sentence of eight and one-half to seventeen years incarceration imposed at the above-captioned criminal cases.  Appellant claims that he was ignorant of his probationary sentence, and therefore the court could not lawfully revoke probation.  We affirm.

This sentence stems from Appellant's December 22, 2009 guilty plea to nine crimes at nine separate criminal dockets.  Appellant and the Commonwealth entered into a negotiated plea agreement where, in exchange for guilty pleas at all nine cases, Appellant would receive a twenty-four month sentence of State Intermediate Punishment (hereinafter "SIP"), followed by eight concurrent five-year periods of probation.  As part of the bargain, the Commonwealth withdrew a series of charges, resulting in guilty verdicts at one count for each of the nine cases.[1]

_____

[1]  At case numbers 1148, 1150, 1151, 1152, and 1153 of 2009, Appellant pled guilty to one count of burglary, and, at case number 1156 of 2009, one count of attempted burglary.  At 1150-2009, Appellant pled guilty to theft by unlawful taking, and, at 1156-2009, one count of attempted theft by
(Footnote Continued Next Page)

Sentencing was significantly delayed due to the fact that Appellant was on parole from a Franklin County sentence when he committed the original crimes at issue herein. On June 21, 2010, Appellant received the agreed-upon sentence of twenty-four months of SIP at case number 1148-2009. The trial court imposed a consecutive period of five years probation at each of the eight remaining charges, to be supervised by the Pennsylvania Board of Probation and Parole (hereinafter "Board"). All periods of probation were imposed concurrent to each other.

On or about May 31, 2011, the trial court received a letter indicating that Appellant had been expelled from SIP, resulting in a violation hearing on August 9, 2011. N.T. SIP Violation, 8/9/11, at 2. The court revoked and resentenced Appellant as follows:

> THE COURT: . . . I would be prepared to give him credit for the time he's been there since January 20 of 2010, revoke him from the SIP on only the one case, resentence to 18 to 36, give him credit from January 20, 2010, and then make the decision up to the Department of Corrections as to whether or not he's going to be eligible for parole on that sentence, and then take no further action on the five-year tag on the other eight cases.
>
> Do you understand that, Shane?
>
> THE DEFENDANT: Yes. Thank you, sir.

Id. at 6. Following a brief discussion, the court repeated its sentence.

(Footnote Continued) —————————————

unlawful taking. Finally, at 1155-2009, Appellant pled guilty to carrying a firearm without a license.

> So at the case number that we're dealing with today, that would be Case No. 1148-09, your SIP participation would be revoked, you would be resentenced at that case number to 18 to 36 with credit for time served from January 20, 2010. Court will take no further action on any of the other cases. So you will remain on a five-year tag on those other cases. All right?

Id. at 7.

Appellant thereafter served his sentence and was released at the maximum parole date of January 20, 2013. Twenty-nine hours later, Appellant committed, inter alia, robbery and terroristic threats. He was found guilty on October 22, 2014. That same day, a representative from Washington County Probation initiated violation proceedings due to that conviction.

Appellant's probation was revoked following a hearing, with sentencing deferred pending sentencing at the other matter. On February 17, 2015, the court imposed an aggregate sentence of ten to twenty years incarceration, consecutive to any other sentence. The trial court thereafter issued modifications to the sentence, which were docketed on May 28, 2015, and July 6, 2015.[2]

Appellant did not file post-sentence motions or a notice of appeal from either the original sentence or the purported modifications. Instead, on July

---

[2] Whether these modifications were a proper exercise of the court's jurisdiction to correct patent errors is moot, as Appellant's post-sentence rights were reinstated through a timely PCRA petition.

9, 2015, Appellant filed a pro se motion for PCRA relief. Following a status conference, the PCRA court, with the Commonwealth's agreement, reinstated Appellant's right to file post-sentence motions.

Appellant then filed a timely post-sentence motion seeking modification. On February 19, 2016, within the applicable thirty-day time period for modification of probation sentences under Pa.R.Crim.P. 708(E), the (Violation of Probation hereinafter "VOP") VOP court resentenced Appellant to an aggregate period of eight and one-half to seventeen years incarceration. Appellant filed timely notices of appeal at each criminal docket, and the cases were subsequently consolidated. The matter is now ready for our review. Appellant raises one claim, which commonly applies to each appeal:

> Whether the trial court erred and abused its discretion in finding that [Appellant] violated a sentence of probation because he had been convicted of various criminal offenses while on probation where [Appellant] did not know he was subject to probation at the time he was alleged to have engaged in the criminal conduct for which he was convicted?

Appellant's brief at 9.

Appellant's argument is twofold. First, he notes that at all sentencing proceedings, the probationary period was ordered to be supervised by the Board. However, as supported by the certified record, the Board informed Appellant that Washington County would supervise his probation. Appellant argues that the trial court did not discredit his testimony that he was not

contacted by the Board or Washington County in order to register for probation, nor his testimony that a representative from the Washington County Probation office informed him that his probation was closed. Thus, the first part of the argument is that, while his criminal sentence included a period of probation, the various agencies involved were unclear as to who was responsible for supervising Appellant. In turn, Appellant was likewise confused and believed he was not subject to probation. Appellant's brief at 41-42 (explaining that Appellant "did not believe he was serving a sentence of probation" and why this belief "was reasonable" in light of the foregoing).

The second part of his argument flows from the first. He asserts that "a valid probation revocation must result from proof that the defendant knew he or she was subject to a sentence of probation at the time he or she engaged in the conduct forming the basis for the revocation." Appellant's brief at 40. This assertion invokes scienter and mens rea principles, suggesting that the Commonwealth must establish either (1) that the violator knew the consequences of committing a new crime, or (2) that the violator knowingly committed the new crime with the intent to violate probation.[3]

---

[3] Appellant's argument that his belief was reasonable because no one contacted him after release is hardly compelling. By committing a new crime within thirty hours of serving his sentence, Appellant did not give the authorities time to sort out any administrative mix-ups.

Appellant frames his contention as a challenge to the legality of his sentence. He maintains that he was not serving a valid probationary sentence, thus depriving the VOP court of the ability to lawfully impose its sentence. See Commonwealth v. Quinlan, 639 A.2d 1235, 1238 (Pa.Super. 1994) ("An inquiry into the validity of a sentence is a question as to the legality of the sentence[.]"). The legality of a sentence is reviewed de novo. See Commonwealth v. Cardwell, 105 A.3d 748, 750 (Pa.Super. 2014).

We hold that Appellant's sentence lawfully included a period of probation, notwithstanding any misrepresentations by others to the contrary. Therefore, Appellant was required to comply with the implicit condition that he not commit any new crimes.

We first address the fact that Appellant's sentence lawfully included a period of probation, which Appellant does not deny. Both the oral and written sentences show that his SIP revocation sentence included probation. As a point of comparison, in Quinlan, supra, the trial judge announced an oral sentence that included a period of probation, but the signed, written order of sentence neglected to include the probationary portion of the sentence. Following expiration of his parole sentence, Quinlan was arrested for new crimes and detained for violating probation. Quinlan challenged the detainment, arguing that he was not, in fact, serving a period of probation. Recognizing that the written order controlled the terms of the sentence, the

trial court responded by entering an order that attempted to modify the written sentence to fix the discrepancy between the oral and written sentence. We held that Quinlan was entitled to relief, as he was not serving any period of probation.

> Instantly, appellant's sentence of eleven and one-half months to twenty-three months, as originally written, signed and recorded on May 20, 1988, is not challenged as illegal, patently contradictory, or fraudulently procured. Thus, the rules requiring timely modification of the sentence control. See 42 Pa.C.S.A. § 5505, Pa.R.Crim.P. 1410; Pa.R.A.P. 1701. . . .

> Likewise, the court was without authority to enter an order of probation on November 29, 1990, making the order retroactive to May 20, 1988, assertedly to correct a "clerical error" in appellant's original sentencing and parole orders, both of which were written, signed, recorded, and unchallenged. The time for modification of the sentence had long passed. Neither the order entering judgment of sentence nor the order of parole mentions a term of probation. The presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged.

Id. at 1240. We concluded "that the order of probation and all consequences flowing therefrom are a nullity." Subsequently, in Commonwealth v. Borrin, 12 A.3d 466 (Pa.Super. 2011) (en banc), we refined Quinlan by clarifying that the

> double jeopardy clauses of the United States and Pennsylvania Constitutions prohibit a trial court from exercising its authority to correct a clerical error to increase a defendant's sentence when the defendant fully served the maximum term of his sentence, as stated in the sentencing order, and the direct appeal had been completed or the time for appeal had expired.

*Id.* at 472 (footnote omitted). Presently, Appellant does not allege that any of the trial court's actions violated this principle, and the record establishes that the written orders of sentence imposed probation. Therefore, the existence of a probationary period is a binary proposition: His sentence either included a term of probation, or it did not. Here, the oral sentence imposed probation, and the written orders did the same. Accordingly, Appellant was serving a period of probation.

Next, the existence of that sentence means that Appellant was required to comply with the implied conditions of that sentence, which obviously included the prohibition against committing more crimes. Appellant violated that condition within thirty hours. Therefore, his probation was validly revoked due to the fact that he committed a new crime.

Having established that Appellant violated probation, we now address the second portion of his argument. He avers that "because [Appellant] did not know he was on probation, the sentence of probation could not have had any bearing or impact on [Appellant]'s conduct following his incarceration." Appellant's brief at 43.

We reject Appellant's unstated premise that the Commonwealth was required to prove that he knew he was on probation. The fact that the trial court sentenced him to probation and informed him as such is conclusive. For this reason, we disregard as irrelevant any contrary representations

made by agents of the Board or Washington County to Appellant regarding his probationary status. Those entities obviously could not modify Appellant's sentence, and he was therefore serving a probationary sentence notwithstanding any belief to the contrary. Furthermore, to the extent that Appellant suggests that the Commonwealth must establish either (1) that the violator knew the consequences of committing a new crime, or (2) that the violator knowingly committed the new crime with the intent to violate probation, those arguments are at odds with the principle that subsequent criminal conduct demonstrates that the offender is unworthy of the continued mercy of probation. See Commonwealth v. Mitchell, 955 A.2d 433, 435, n.2 (Pa.Super. 2008). The pertinent question is not whether Appellant's probationary sentence "had any bearing" on why he committed his new crime, but whether he was serving a sentence of probation at that time.

Since Appellant was lawfully serving a period of probation, he was required to comply with the implied condition that he commit no new crimes. Appellant violated that requirement within thirty hours. The VOP court was therefore entitled to revoke probation and impose a new sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/13/2017</u>