J-S53033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| ROBERT C. MARTIN, | |
| Appellant | No. 351 WDA 2014 |

Appeal from the PCRA Order February 4, 2014
in the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000237-2010

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| ROBERT C. MARTIN, | |
| Appellant | No. 352 WDA 2014 |

Appeal from the PCRA Order February 4, 2014
in the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000238-2010

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]
MEMORANDUM BY PLATT, J.: **FILED SEPTEMBER 17, 2014**

Appellant, Robert C. Martin, appeals from the orders of February 4,
2014 in these consolidated cases, which denied his amended counseled

_____

[*] Retired Senior Judge assigned to the Superior Court.

petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On July 13, 2011, Appellant entered a negotiated open guilty plea to endangering the welfare of children, corruption of minors, and harassment at Potter County Docket Number 237 of 2010.[2] Appellant also entered a negotiated open guilty plea to possession of a firearm by one prohibited; conspiracy; possession of a firearm with altered manufacturing number; manufacturing, delivery or possession with intent to manufacture or deliver a controlled substance; use of, or possession with intent to use drug paraphernalia; making repairs or selling of offensive weapons; and use or possession of electric or electronic incapacitation device at Potter County Docket Number 238 of 2010.[3] In exchange, the Commonwealth agreed to recommend that the sentences run concurrently. The charges arose from activities occurring between June 15, 2006 and September 20, 2010.

On August 30, 2011, the sentencing court sentenced Appellant to an aggregate term of incarceration of not less than 114 nor more than 228 months at Docket Number 238 of 2010, and a concurrent term of

_____

[1] This Court, on Appellant's application, ordered the matters consolidated on May 12, 2014.

[2] 18 Pa.C.S.A. §§ 4304(a), 6301(a)(1), and 2709(a)(1), respectively.

[3] 18 Pa.C.S.A. §§ 6105(a)(1), 903(a), 6110.2(a); 35 P.S. §§ 780-113(a)(30) and (32); 18 Pa.C.S.A. §§ 908(a), and 908.1(c), respectively.

incarceration of not less than twelve nor more than twenty-four months at Docket Number 237 of 2010. On September 9, 2011, Appellant filed motions to modify sentences, claiming that he should not be subject to the sentencing minimum because of mitigating factors. On September 26, 2011, the court denied Appellant's motions and instead issued an amended sentencing order at Docket Number 238 of 2010 to reflect its intention and correct a calculation error. The court reduced and amended Appellant's aggregate sentence at Docket Number 238 to not less than eighty nor more than 168 months. Appellant's sentence at Docket Number 237 of 2010 remained concurrent to the sentence at Docket Number 238 of 2010. Attorney Jay D. Carr represented Appellant at trial and sentencing.

Appellant timely filed direct appeals on October 3, 2011. The court granted Appellant *in forma pauperis* status and appointed a public defender, Attorney Brent Petrosky, to represent him on his appeal. On March 20, 2013, this Court affirmed the judgments of sentence. (**See Commonwealth v. Martin**, 69 A.3d 1298 (Pa. Super. 2013) (unpublished memorandum)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On October 21, 2013, Appellant filed timely *pro se* PCRA petitions. The PCRA court appointed Attorney Jarett R. Smith to represent Appellant. On November 27, 2013, Appellant filed amended PCRA petitions. The court

held a hearing and ultimately denied relief on February 4, 2014. Appellant

timely appealed on February 20, 2014.[4]

Appellant raises three issues for our review:

1. [Whether] [t]he Appellant's due process rights were violated when the court modified its original sentencing order of August 30, 2011 via an amended order of September 26, 2011 without holding a hearing where the Appellant was neither present nor permitted to appear and offer allocution?

2. [Whether] [t]he Appellant's discretionary sentence was inconsistent with the plea agreement tendered in that the court did not run all sentenced terms concurrent to each and every count such the Appellant did not receive an aggregate five (5) to ten (10) year sentence?

3. [Whether] [t]he Appellant's trial counsel was ineffective in failing to inform the Appellant of the plea as to make a knowing and intelligent decision in tendering a plea; trial counsel failed to file timely pretrial motions; and failed to investigate and contact witnesses that would have supported a suppression motion or testified on the Appellant's behalf in support of his defense?

(Appellant's Brief, at 15).

Our standard of review is well-settled:

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

_____

[4] Pursuant to the PCRA court's order, Appellant filed a Rule 1925(b) statement on March 7, 2014. The court entered its Rule 1925(a) opinion on March 14, 2014. *See* Pa.R.A.P. 1925.

*Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543. Cognizable claims include constitutional violations and ineffectiveness of counsel that undermine the truth-determining process. **See** 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii).

In his first issue, Appellant claims that a violation of his due process rights occurred when the trial court modified his original sentence without a hearing on September 26, 2011. (**See** Appellant's Brief at 16-17). We disagree.

It is well-settled that "[t]rial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994) (citation omitted) (noting that omissions from sentencing order would not constitute basis to alter *sua sponte*). Furthermore, "[t]he power to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record is inherent in our court system." *Id.* (citation omitted).

Here, the record reflects the trial court's intention that Appellant serve an aggregate sentence at Docket Number 238 of 2010 of not less than eighty nor more than 168 months. (**See** Sentencing Order in Docket Number 238 of 2010, 8/30/11, at 1). Furthermore, the trial court amended the August 30, 2011 sentencing order to correct count thirty's sentence to

reflect the court's intention that the sentence be served concurrently with the remaining counts, such that Appellant not serve an additional eighteen to thirty-six months. (**See** N.T. PCRA Hearing, 1/27/14, at 8-9).

Accordingly, because the trial court acted within its authority, the PCRA court properly denied this claim. Appellant's first issue lacks merit.

In his second issue, Appellant claims that the discretionary aspect of his sentence was inconsistent with his plea agreement. (**See** Appellant's Brief at 16). We disagree.

It is well-settled that appeals from the discretionary aspects of sentences are not a matter of right, but rather are granted where there exists a substantial question that the sentence imposed was inappropriate and contrary to the Sentencing Code. **See Commonwealth v. Gonzalez-DeJesus**, 994 A.2d 595, 599 (Pa. Super. 2010) (citations and footnotes omitted) (noting that aggregate sentence of twenty to forty years' imprisonment for appellant involved in two separate robberies would not raise a substantial question); **see also Commonwealth v. Dodge**, 77 A.3d 1263 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, the record reflects that Appellant's negotiated plea agreements did not specify an aggregate sentence of any length. The plea agreement in Docket Number 237 of 2010 stated that the Commonwealth would recommend the "sentence run concurrent with Docket No. 238/2010.". (Plea Agreement in Docket Number 237 of 2010, 6/16/11, at 2). The plea agreement in Docket Number 238 of 2010 stated that there was a five year

mandatory minimum on count thirty-one, but gave no recommendations on the remaining counts and specified that the court had discretion on running the sentences concurrently. (*See* Plea Agreement in Docket Number 238 of 2010, 6/16/11, at 2).

Furthermore, the PCRA court found Appellant's trial counsel credible when he testified that he never told Appellant that he would receive a sentence of five to ten years, but did tell him that in his counsel's opinion, a sentence of more than five to ten years would be excessive. (*See* PCRA Court Opinion, 2/4/14, at 6; N.T. PCRA Hearing, 1/27/14, at 21, 36-38).

Accordingly, because the trial court acted within its authority, we conclude that the PCRA court properly found that Appellant failed to prove that his sentence was inappropriate. *See Gonzalez-DeJesus*, *supra* at 599. Appellant's second issue lacks merit.

In his third issue, Appellant claims that he received ineffective assistance of counsel based on his failure to (1) inform Appellant of the plea to make a knowing and intelligent decision in tendering the plea; (2) file timely pretrial motions; and (3) investigate and contact witnesses that would have supported a suppression motion or testified on Appellant's behalf. (*See* Appellant's Brief at 16-17). We disagree.

It is well-settled that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea

will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (internal quotation marks and citations omitted).

Counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). A PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the **Strickland** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the ineffective assistance of counsel test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Moreover, deference is given to the PCRA court's credibility determination if supported by the record. **See id.** at 312-13.

Where, as here, Appellant pleaded guilty, to satisfy the prejudice requirement, Appellant must show that "there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Rathfon, supra*** at 370 (citation omitted). Here, Appellant has utterly failed to do so.

It is well-settled that, where the record shows that the trial court conducted a thorough guilty plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. (***See*** N.T. Guilty Plea Hearing, 6/13/11, at 1-17). ***See also Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001) (rejecting challenge to plea agreement where trial court conducted plea colloquy and defendant understood charges). We look to the totality of the circumstances to determine whether the defendant understood the nature and consequences of his plea. ***See McCauley***, ***supra*** at 922.

A criminal defendant is bound by the statements he made during his plea colloquy. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradicts statements made at that time. ***See Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted).

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 6/16/11, at 3, 5; N.T. Guilty Plea Hearing, 6/13/11, at 1-17). Appellant understood the charges against him, the nature of his pleas, his rights, and what rights he was giving up. (*See* Written Guilty Plea, 6/16/11, at 1-4; N.T. Guilty Plea Hearing, 6/13/11, at 11). In particular, Appellant understood that he was giving up all pre-trial, trial and post-trial rights, and that any appeal would be limited to the court's jurisdiction, the legality of the sentence, and the voluntariness of the plea. (*See* Written Guilty Plea, 6/16/11, at 2, 4). Appellant further acknowledged that he was entering the pleas of his own free will, had consulted counsel, and was satisfied with counsel's representation. (*See* N.T. Guilty Plea Hearing, 6/13/11, at 11-13). Appellant understood the maximum possible sentences he was facing and that the trial court had discretion on whether to sentence him to serve his sentences at Docket Number 238 of 2010 consecutively to or concurrently with his sentences at Docket Number 237 of 2010. (*See* Written Guilty Plea, 6/16/11, at 2, 4; Plea Agreement in Docket Number 238 of 2010, 6/16/11, at 2).

At the August 30, 2011 sentencing hearing, the Commonwealth reiterated that it was recommending that the sentences at Docket Number 237 of 2010 run concurrently with the sentences at Docket Number 238 of 2010. (*See* N.T. Sentencing Hearing, 8/30/11, at 8). The Commonwealth also pointed out that the trial court had discretion on sentencing Appellant to

serve his sentences at Docket Number 238 of 2010 concurrently or consecutively. (*See id.* at 9). Appellant did not dispute the terms of the plea and did not inform the trial court that there had been a promise regarding sentence. (*See id.* at 4-5). Appellant's trial counsel promptly filed post-sentence motions on September 13, 2011. The trial court denied the motions; however, the trial court did issue an amended order on September 26, 2011 at Docket Number 238 of 2010 in Appellant's favor to correct a calculation error in the initial sentence. (*See* N.T. PCRA Hearing, 1/27/14, at 8-9).

Appellant further argues that trial counsel failed to investigate fully the criminal charges and file appropriate pretrial motions. Here, prior to the issuance of a search warrant, local police had obtained information that Appellant was involved in the buying, trading and/or selling of firearms although he was a person prohibited from doing so under the law. As such, the police, acting under the authority of the search warrant, discovered various weapons and drugs at Appellant's residence. (*See* N.T. Sentencing Hearing, 8/30/11, at 13-17). Appellant claimed that his adolescent daughter was willing to testify that the information contained in the search warrant was inaccurate and he gave this information to trial counsel. Trial counsel did not file a suppression motion. (*See* N.T. PCRA Hearing, 1/27/14, at 45-46).

At Appellant's PCRA hearing, Appellant's trial counsel testified that he had reviewed over 800 pages of discovery documents that factored into his

decision to advise Appellant to enter a plea agreement. (*See id.* at 16). He further stated that he did not file a suppression motion after speaking at length with Appellant about the search warrant and possible witnesses. (*See id.* at 16-19). Trial counsel determined that Appellant had little to no chance of sustaining any sort of defense to the charges he faced at trial. (*See id.* at 18-19, 23-24). Any reasonable basis for the course of action selected proves effectiveness, not a hindsight evaluation to determine the best strategic alternative. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1027 (Pa. Super. 2014).

Therefore, we conclude that the PCRA court properly found that Appellant failed to meet his burden of pleading and proving all three prongs of the *Pierce* test for ineffective assistance of counsel and Appellant's third issue lacks merit.

Accordingly, the PCRA court properly denied all of Appellant's claims.

Order affirmed.

Donohue, J., joins the Memorandum.

Olson, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/17/2014</u>