J-S77018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OTIS DESANUEL MITCHELL | |
| Appellant | No. 73 EDA 2014 |

Appeal from the Judgment of Sentence December 12, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009576-2012

BEFORE: STABILE, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 02, 2015**

Otis Desanuel Mitchell ("Appellant") appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his conviction on three counts of possession of a controlled substance with intent to deliver ("PWID"),[1] three counts of possession of a controlled substance,[2] and one count of possession of drug paraphernalia.[3] Appellant now challenges the denial of his motion to suppress. After careful review, we quash this appeal for the following reasons.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

The facts underlying Appellant's convictions are simple. Appellant sold various drugs to a confidential police informant on three occasions during October of 2012. Police secured an arrest warrant based on these controlled buys and arrested Appellant on November 29, 2012.

On February 28, 2013, Appellant's counsel[4] filed an Omnibus Pre-Trial Motion alleging, *inter alia*, that Appellant's arrest was illegal and seeking suppression of all evidence and statements resulting from the arrest. On March 15, 2013, Appellant filed a *pro se*[5] motion to suppress alleging his arrest was illegal as not supported by probable cause and again seeking suppression of all physical evidence seized during the arrest. On July 8, 2013, Appellant filed a *pro se* brief in support of his *pro se* motion to suppress that elaborated on his claim by arguing that his arrest was illegal because the arrest warrant was not supported by a sufficient affidavit of probable cause.[6]

_____

[4] Seth Grant, Esquire, of the Montgomery County Public Defender's Office, represented Appellant at this time.

[5] Also on March 15, 2013, Appellant sent the trial court *pro se* correspondence indicating his desire to represent himself.

[6] On May 15, 2013, Kathryn Taxis, Esquire, of the Montgomery County Public Defender's Office assumed representation of Appellant, having filed a Praecipe to Enter Appearance together with Attorney Grant's Praecipe to Withdraw Appearance on May 15, 2013. On July 30, 2013, Appellant sent further *pro se* correspondence to the trial court stating his dissatisfaction with Ms. Taxis and again seeking permission to represent himself. The correspondence further alleged Ms. Taxis and the trial judge were colluding against Appellant's interests. On August 1, 2013, the trial court entered an

*(Footnote Continued Next Page)*

On August 14, 2013,[7] the trial court held a hearing on Appellant's pretrial motions, which included, in addition to the suppression motion, a Rule 600 motion, a recusal motion, a motion to disclose the identity of a confidential informant, and a request for a bill of particulars.[8] After the trial court indicated its intent to deny Appellant's Rule 600 motion, recusal motion, and request for a bill of particulars, Appellant stated that he wanted to file an interlocutory appeal of the trial court's rulings to this Court. *See* 8/14/2013, pp. 42-46. Due to Appellant's insistence on filing an appeal of the trial court's denial of his other motions, the court did not reach the suppression motion or the motion to disclose the identity of the confidential informant.[9] *See* N.T. 8/14/2013, p. 46. Following the hearing, the trial

*(Footnote Continued)* ――――――――――――

order allowing Appellant to represent himself and appointing Ms. Taxis as standby counsel.

[7] At the August 14, 2013 hearing, the trial court discussed Appellant's decision to represent himself prior to addressing the substance of Appellant's pretrial motions. Appellant confirmed on the record that he wished to proceed *pro se*. *See* N.T. 8/14/2013, p. 4.

[8] Appellant had also previously filed a petition for a writ of habeas corpus, which the trial court denied following a hearing on May 8, 2013. *See* N.T. 5/8/2013, p. 29.

[9] During the August 14, 2013 hearing, the trial court indicated that it intended to hold a suppression hearing the following day, on August 15, 2013. *See* N.T. 8/14/2013, pp. 23-24. When Appellant insisted on proceeding with an appeal of the trial court's rulings on his other pretrial motions, the trial court decided to not conduct a hearing on the suppression motion or the motion to disclose the identity of the confidential informant on the following day.

court formally denied Appellant's Rule 600 motion, recusal motion, and request for a bill of particulars via written orders.[10]

Thereafter, the trial court conducted a bench trial on December 12, 2013. **See** N.T. 12/12/2013. Prior to the commencement of trial, Appellant raised the fact that the court had yet to conduct a hearing on his motion to disclose the identity of the confidential informant and his suppression motion. The trial court informed Appellant that it had previously denied the motions,[11] and began a trial on the charges. However, out of consideration

_____

[10] Appellant appealed the trial court's rulings on his pretrial motions. **See** 118 EDM 2013. On September 23, 2013, being unaware of the trial court's Order allowing Appellant to represent himself and appointing Ms. Taxis as standby counsel, this Court cited **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa.1993) (proscribing hybrid representation) and **Commonwealth v. Jette**, 23 A.3d 1032 (Pa.2011) (accord), in denying Appellant's pro se "Petition for Permission to Appeal from an Interlocutory Order". **See** Per Curiam Order of the Superior Court, 118 EDM 2013, filed September 23, 2013. The Court's Order directed the Montgomery County Court of Common Pleas Prothonotary to refer the petition to Appellant's counsel of record, Ms. Taxis and Mr. Grant. **See id.** On October 30, 2013, Appellant filed a "Motion to Proceed Pro Se Without Standby Counsel, Right to, and Waiver of Counsel". Following a hearing on November 6, 2013, where the trial court, counsel, and Appellant discussed Appellant's representation and the denial of his interlocutory appeal by this Court, the trial court issued a second order withdrawing the appearances of Ms. Taxis and Mr. Grant, appointing Ms. Taxis as standby counsel, and granting Appellant's request to proceed pro se. Thereafter, Appellant chose not to pursue the interlocutory appeal.

[11] Appellant and the trial court discussed the outstanding motions as follows:

> [Appellant]: Okay. Before these interlocutory issues, we're still at pretrial proceedings. We still haven't had the Motion to Disclose the Identity of the Informant or a suppression hearing.

> THE COURT: I think we've had all of the above.

*(Footnote Continued Next Page)*

for Appellant's continued concerns that the court had not heard his motions, the trial court conducted hearings and denied the motions during the bench trial. **See** N.T. 12/12/2013, pp. 117-150. Ultimately, the trial court found Appellant guilty of three counts of PWID, three counts of possession of a controlled substance, and one count of possession of drug paraphernalia.[12] Directly after trial, the court sentenced Appellant to an aggregate term of 49-98 months' imprisonment followed by one year of probation.[13]

_____

*(Footnote Continued)* ─────────────

    [APPELLANT]:  No, we haven't.

    THE COURT:  And they were denied.  We handled - -

    [APPELLANT]:  We have not had those hearings yet.

    THE COURT:  Mr. Mitchell, that's all been ruled upon.  And those
    were denied.

**See** N.T. 12/12/2013, pp. 7-8.

[12] Appellant pleaded guilty to the possession of drug paraphernalia count at CP-46-CR-0009126-2012.  **See** N.T. 12/12/2013, pp. 199-205.  The court sentenced Appellant on this conviction to one year of probation.  **See id.** at 205.

[13] Both the sentencing transcript and the trial court's Pa.R.A.P. 1925(a) opinion are inconsistent with the written sentencing order.  The trial court sentenced Appellant in open court following his convictions as follows:

    On count one, I will sentence you to a sentence of twenty-four to thirty months imprisonment in the State Correctional Institution.  I'll date that from October 31st of 2012.

    On count two, I will give you twenty-one to twenty-seven months dating from the same date and that will run consecutive to count one.

*(Footnote Continued Next Page)*

Appellant did not appeal. However, on December 26, 2013, Appellant filed a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal ("1925(b) statement)[14] and a "Pro Se Petition to Order Lower Court

*(Footnote Continued)* ─────────────

> And, count three, I'll also give you twenty-one to twenty-seven months which will run consecutive to count one. So they're all running consecutive to one another.
>
> On counts four, five, six, and seven, I will give you one year probation which will run consecutive to the expiration of the parole and concurrent to each other. That's on each of those counts.
>
> . . .
>
> Let's clarify the sentences because I think I misspoke a little bit. I just want to clarify my sentences here.
>
> On count one, the sentence is twenty-eight to fifty-six months. On count two, it's twenty-one to forty-two months. On count three, it's twenty-one to forty-two months. Each of those sentence was consecutive to each other.

N.T. 12/12/2013, pp. 211, 216. This sentence yields an aggregate sentence of 70 to 140 months' incarceration. The aggregate sentence of 49-98 months' imprisonment noted ***supra***, however, is derived from the written sentencing order in this matter, which sentences Appellant to 28 to 56 months' imprisonment on count 1, and 21-42 months' imprisonment each on counts 2 & 3, both of which the sentencing order notes are consecutive to count 1, but not to one another. ***See*** Sentencing Order. As the Commonwealth properly observes, when such a conflict exists, the written sentencing order controls. ***See Commonwealth v. Quinlan***, 639 A.2d 1235, 1240 (Pa.Super.1994) (noting that trial courts do not have power to retroactively alter a written sentencing order once time for modification of sentence has expired); ***see also*** Commonwealth's Brief, p. 2.

[14] Appellant's 1925(b) statement reads as follows:

> Appellants motion to suppress physical evidence unlawfully seized from him should have been granted, and the right to appeal said motion from an interlocutory order should have been

*(Footnote Continued Next Page)*

to File an Opinion and Transmit Record to Superior Court" with the Clerk of Courts on the same day. The certified record contains a certificate of service attached to Appellant's "Pro Se Petition to Order Lower Court to File an Opinion and Transmit Record to Superior Court" that states Appellant served the filing by first class mail on the Clerk of Courts, the "Honorable Judge", and the "District Attorneys Office". Appellant perhaps also intended this certificate of service to apply to his 1925(b) statement, which he mailed in the same envelope, but which does not have a separate certificate of service appended. Further, the certificate of service further lists the Montgomery County Clerk of Courts' mailing address[15] for all three entities allegedly served.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> allowed. Appellants rights under Article 1 Sec. 8 of the Pa. Constitution, and under the Fourth and Fourteenth amendments to the U.S. Constitution were violated when the police conducted an illegal arrest of the Appellant, from the evidence seized (Address) in the borough of Pottstown, PA., (Date) in the month of October. Both Federal and the state constitutions required a warrant to arrest be particularized with specificity in the affidavit of probable cause to satisfy the warrant requirements. As the Commonwealth failed to show by clear and convincing Evidence that the arrest was not unlawful, The court should have granted appellant's motion to suppress. The suspected drugs recoverd in transactions from informant is unconstitutional.

Appellant's Statement of Matters Complained of On Appeal, filed December 26, 2013 (verbatim).

[15] P.O. Box 311, Norristown, PA 19404.

Eleven days later, on January 6, 2014, Appellant filed a timely Notice of Appeal. In response to Appellant's Notice of Appeal, on January 17, 2014, the trial court ordered Appellant to file a 1925(b) statement within 21 days ("1925(b) Order").[16]

Appellant neither filed a new 1925(b) statement nor re-filed his previously filed 1925(b) statement in response to the 1925(b) Order. Instead, Appellant sent the Montgomery County Clerk of Courts a letter explaining that he had previously filed a 1925(b) statement on December 26, 2013.[17] **See** Appellant's Letter Response to the 1925(b) Order, filed

_____

[16] The trial court's 1925(b) Order reads as follows:

> **AND NOW**, this 17th day of Jan., 2014, pursuant to Pennsylvania Rule of Appellate procedure No. 1925(b), the Court hereby **ORDERS** and **DIRECTS** the Appellant, Otis DeSanuel Mitchell, to file of Record in this Court, and to serve a copy upon the undersigned Judge, a Concise Statement of the errors complained of on Appeal. The Appellant shall file and serve this Statement pursuant to Pa.R.A.P. 1925(b)(1), no later than twenty-one (21) days from entry of this Order on the docket. The Appellant is cautioned that any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.

1925(b) Order.

[17] Although Appellant mailed the letter to the Clerk of Courts, the letter's salutation reads "Dear Judge Carluccio". Appellant's letter states in its entirety as follows:

> Dear Judge Carluccio
>
> The statement of matters complained of on appeal is in fact the errors complained of on appeal, the 1925(b) statement

*(Footnote Continued Next Page)*

January 31, 2014. Appellant's letter directs the trial judge to review Appellant's previously filed 1925(b) statement, available to the judge in the Clerk of Courts' office. *Id.* Appellant did not serve the letter on the trial judge.[18]

Pa.R.A.P. 1925 provides, in pertinent part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**–If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve upon the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.*–Appellant shall file of record the Statement and *concurrently shall serve the judge*.

*(Footnote Continued)* _____

has been filed with the clerk of courts since 12-26-13, i am now sending you a bail application to attach. I you will review what has been filed with the clerk of courts, the record will reflect that the concise statement of the errors complained of on appeal is already filed with the clerk of courts in montgomery county, along with other forms, thank you and god bless

Otis Mitchell

Pro'Se

PS Please send me a receipt of this letter via clerk of the courts, Thank you

Appellant's Letter Response to the 1925(b) Order (verbatim).

[18] Appellant addressed the envelope containing his letter to "Clerk of the Courts, Attn: Judge Carluccio". The letter does not indicate that Appellant copied or otherwise served a copy on the trial judge.

Pa.R.A.P. 1925(b) (emphasis provided). "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa.2005); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa.2005). Once a trial court orders an appellant to file a 1925(b) statement, compliance requires both the filing of a 1925(b) statement with the ordering court's prothonotary, and concurrent service of the 1925(b) statement upon the trial judge. ***See*** Pa.R.A.P. 1925(b); ***Schofield***, 888 A.2d at 774 (appellant must both file 1925(b) statement with clerk and serve upon trial judge when ordered to do so). While harsh, failure to comply with Rule 1925 by filing a 1925(b) statement with the court and concurrently serving the statement on the trial judge results in waiver of all issues. ***See Egan v. Stroudsburg School Dist.***, 928 A.2d 400 (Pa.Cmwlth.2007)[19] (where appellant filed concise statement of matters complained of on appeal with prothonotary, but did not concurrently serve the trial judge, all issues deemed waived); ***Com. v. $766.00 U.S. Currency***, 948 A.2d 912 (Pa.Cmwlth.2008) (appellant's issues waived

---

[19] "Although our Court is not bound by decisions of the Commonwealth Court, we may elect to follow those decisions if we find the rationale of those decisions persuasive." ***Commonwealth v. Thomas***, 814 A.2d 754, 759 n.2 (Pa.Super.2002).

where he filed a 1925(b) statement with court but did not serve the same on the trial judge).

Here, Appellant did not comply with Pa.R.A.P. 1925(b). Following the issuance of the trial court's January 17, 2014 1925(a) Order, Appellant did not file a 1925(b) statement and did not re-file the 1925(b) statement he filed on December 26, 2013. While the Montgomery County Clerk of Courts received and filed Appellant's January 31, 2014 letter explaining that he previously filed a 1925(b) statement, Appellant did not serve this letter on the trial court. In fact, the trial court's August 26, 2014 Pa.R.A.P. 1925(a) opinion clearly indicates that the trial judge never received copies of either the 1925(b) statement or the letter.[20] **See** Trial Court Memorandum Opinion, August 26, 2014 ("1925(a) Opinion"), p. 2 (unnumbered). Because the trial court ordered Appellant to file and serve a 1925(b) statement in a

---

[20] That Appellant's 1925(b) statement was available to the trial judge in the Montgomery County Clerk of Courts' office is of no moment. An appellant cannot remedy his failure to properly serve a 1925(b) statement on a trial judge by stating that the statement is available to the trial judge at the clerk's office. **See Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa.Super.2005) (all issues waived where appellant filed 1925(b) statement with trial court, did not serve trial judge, but instead noted that the 1925(b) statement was available to the judge through the clerk's office and proposed that the trial court exercise its initiative to find the statement of matters complained of on appeal).

proper 1925(b) order, Appellant's failure to serve the trial court with the 1925(b) statement results in waiver of all claims.[21]

Moreover, even had Appellant properly served the trial judge with his 1925(b) statement, his claim that the trial court erred in denying his suppression motion because his arrest warrant was based upon an insufficient affidavit of probable cause would not entitle him to relief.

We review the denial of a motion to suppress evidence pursuant to the following well-settled standard of review:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court

---

[21] Appellant's *pro se* status does not change this result. As we have often noted:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super.2005). Throughout these proceedings, Appellant insisted on proceeding *pro se* despite being warned that representing himself might be his undoing. Unfortunately for Appellant, the unfortunate consequences of his choice have come to pass.

is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa.2010) (internal citations and quotation marks omitted).

The test in this Commonwealth for determining whether probable cause exists for the issuance of an arrest warrant is the totality of the circumstances. In determining whether probable cause exists, a magistrate is not required to find a showing of criminal activity; mere probability of such criminal activity is sufficient for probable cause. Furthermore, the information offered to demonstrate probable cause must be viewed in a common sense, nontechnical, ungrudging and positive manner. Our duty on appeal is to ensure that the magistrate had a substantial basis for concluding that probable cause exists. A trial court's determination of probable cause is accorded the utmost deference on appeal. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Commonwealth v. Taylor*, 850 A.2d 684, 686-87 (Pa.Super.2004) (internal quotations and citations omitted).

Here, Appellant based his suppression argument on the lack of specific dates in the arrest warrant's affidavit of probable cause when he allegedly sold controlled substances to the confidential informant. *See* N.T. 12/12/2013, pp. 143-149. After hearing argument and reviewing Appellant's written motion and brief, the trial court ruled that the affidavit's inclusion of information regarding three sales of controlled substances in a

- 13 -

single month at a single, identified location to a police confidential informant outlined sufficient probable cause for the issuance of an arrest warrant. ***See id.*** at 150. Accordingly, the trial court denied suppression. The trial court did not err in so determining.

Appeal quashed.

Judge Stabile joins in this memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2015