J-S54010-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN J. FLESHER | |
| Appellant | No. 1596 WDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): CP-02-CR-0000060-2013
CP-02-CR-0001159-2013
CP-02-CR-0001622-2013
CP-02-CR-0001669-2013
CP-02-CR-0016267-2012

BEFORE: OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.: FILED DECEMBER 1, 2017

Brian J. Flesher appeals from the September 13, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas following his convictions for multiple counts of burglary and one count each of conspiracy, criminal mischief – tamper with property, and attempt to commit burglary.[1] We affirm in part, vacate in part, and remand for the correction of a clerical error in the sentencing order.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(c)(1), 903(a), 3304(a)(2), and 901(a), respectively.

On October 18, 2013, Flesher pled guilty to numerous charges of burglary and related crimes, stemming from a total of 14 burglaries and one attempted burglary. On January 24, 2014, the trial court sentenced him to an aggregate term of 13½ to 27 years' incarceration, followed by 9 years' probation. Flesher filed a post-sentence motion, which the trial court denied by operation of law on August 18, 2014. On September 17, 2014, Flesher timely appealed to this Court. On appeal, this Court found several discrepancies between the sentences imposed at the January 24, 2014 sentencing hearing and the sentencing orders. Therefore, on December 11, 2015, we vacated the judgment of sentence and remanded for clarification and resentencing. Upon remand, on September 13, 2016, the trial court resentenced Flesher to an aggregate term of 13½ to 27 years' incarceration, followed by 6 years' probation.[2] Flesher filed a motion to reconsider sentence,

_____

[2] We have found a discrepancy between the resentencing hearing transcript and the sentencing order. During resentencing, the trial court stated: "I understand there was a resentencing hearing, and [defense counsel] did make argument for a reduced sentence. Other than reducing the probation from 9 years to a total aggregate of 6, I did impose the originally-intended sentence with, hopefully, the clarifications and links that we needed to make." N.T, 9/13/16, at 24. The sentencing order, however, reflects an aggregate probationary period of nine years. Because the trial court's intent to impose an aggregate probation of 6 years is evident from the record, we conclude the discrepancy is merely a clerical error in the sentencing order. See Commonwealth v. Borrin, 80 A.3d 1219, 1227 (Pa. 2013) ("The term 'clerical error' has been long used by our courts to describe an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and, thus, subject to repair."); Commonwealth v. Liscinsky, 171 A.2d 560, 561 (Pa.Super. 1961) (holding that sentencing order contained a "clerical error" subject to correction, as it did not

which the trial court denied on September 20, 2016. Flesher filed a timely notice of appeal.

On appeal, Flesher raises the following issue:

> Does a sentencing court abuse its discretion by imposing [a] clearly unreasonable sentence of decades in the criminal justice system that is patently disproportionate when considering the protection of the public in relation to the nature of the burglary offenses where no one was home and [Flesher]'s rehabilitative needs as an addict?

Flesher's Br. at 35 (full capitalization omitted).

Flesher is challenging the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

Commonwealth v. Austin, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting Commonwealth v. Malovich, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

_____

reflect trial court's stated intent that sentence it imposed would be effective on expiration of defendant's federal sentence).

Flesher filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Flesher claims that (1) the trial court's failure to consider mitigating factors resulted in an excessive sentence;[3] and (2) the trial court failed to consider the protection of the public, gravity of the offense, and Flesher's rehabilitative needs. These claims raise substantial questions. See Commonwealth v. Derry, 150 A.3d 987, 992 (Pa.Super. 2016) (concluding that a claim that trial court failed to consider protection of public, gravity of underlying offense, and appellant's rehabilitative needs raises a substantial question in typical cases); Commonwealth v. Dodge, 77 A.3d 1263, 1272 (Pa.Super. 2013) ("[A]n excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raise[s] a substantial question."). We now address the merits of Flesher's case.

Flesher first claims that the trial court imposed a "clearly unreasonable" sentence because his "offenses involved breaking into suburban homes where no one was home and stealing items, such as electronics and jewelry."

_____

[3] To the extent that Flesher alleges an abuse of discretion due to the consecutive nature of his sentences, we conclude he has waived this claim for failure to include it in his Pennsylvania Rule of Appellate Procedure 1925(b) Statement. See Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

Flesher's Br. at 51. He argues that the reason he stole items was "to support his drug habit" and that "[n]o one was injured, sexually assaulted, or murdered." Id. at 52. Flesher further claims that the trial court failed to consider the protection of the public, the gravity of the offense, and his rehabilitative needs. Flesher maintains that he did not pose "some type of violent threat to society," because "[h]e engaged in no physically violent acts during these burglaries, he used no weapon during these burglaries, and he caused no physical harm to anyone." Id. at 52-53. He argues that his crimes were fueled by his untreated drug addiction and that the trial court failed to address how the sentence imposed would assist Flesher in his rehabilitative needs. Id. at 55-56.

At the resentencing hearing, the trial court stated:

> So I am going to incorporate the statements that I made at the original sentencing hearing, the rationale that I provided at that time, into the record here today. I did take into account [Flesher's] rehabilitation needs. I read the presentence report, considered the information contained in that report with regard to the ability of probation to monitor him.
>
> While he was on probation for burglaries, he committed all of these. . . . I think Mr. Flesher certainly holds the record in my courtroom for someone on probation for burglaries going out while on probation for burglaries and committing so many additional burglaries.
>
> I do believe that each of the victims in this case, as I indicated at the original sentencing, do deserve to have their case considered separately. Even though many of the victims' charges were consolidated into six informations by the Commonwealth, there are, by my count, 15 victims.

> I believe the original sentencing scheme, as I intended it to be, is an appropriate one. I did run many of the original sentences concurrent and sentenced, based on his cooperation and plea to the charges, to mitigated or below sentences on each.
>
> And while I hope that he is making every effort to get his life in order, for all the original reasons, I do believe he needs a lengthy period of time to do that and that the victims in the case deserve to feel safe in their homes. That is something he took away from them by his acts.

N.T., 9/13/16, at 10-12.

Flesher's claim that the trial court did not consider certain mitigating factors is belied by the record. The trial court was well aware of the mitigating factors and the facts surrounding this case. See N.T., 1/24/14, at 30-32, 37. Further, the trial court had the benefit of Flesher's pre-sentence report. See Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009) ("Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (quoting Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). Moreover, contrary to Flesher's claims, the trial court considered the protection of the public, the gravity of the offense, and his rehabilitative needs. See N.T., 9/13/16, at 10-12.

Finally, Flesher's reliance on Commonwealth v. Williams, 69 A.3d 735 (Pa.Super. 2013), is misplaced. In Williams, the appellant pled guilty to seven counts of burglary and related offenses, and the trial court sentenced her to an aggregate term of 24 years and 2 months to 48 years and 4 months'

incarceration, to be served consecutively to a separate term of 7 to 20 years' incarceration for new criminal charges. Id. at 739. On appeal, we concluded that the sentence was severe on its face because "the sentence was manifestly excessive in the specific circumstances" and "the sentencing court's reasoning [was] infused with partiality, prejudice, bias or ill will." Id. at 742 (internal quotation omitted).

Here, Flesher pled guilty to several charges resulting from his involvement in 14 burglaries and one attempted burglary, and his actions created 15 victims. The trial court sentenced him to 13½ to 27 years' incarceration, followed by 6 years' probation, running many of his sentences concurrently. Unlike Williams, Flesher does not claim, nor do we find, that the trial court's reasoning was infused with partiality, prejudice, bias, or ill will. The trial court clearly stated its reasons on the record, considered the relevant sentencing factors, and upon resentencing, reduced Flesher's probationary period from 9 years to 6 years. Accordingly, we conclude the trial court did not abuse its discretion.

Judgment of sentence vacated in part. Case remanded for the trial court to correct the sentencing order to reflect an aggregate probationary period of six years. See supra note 2. Judgment of sentence is affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/1/2017